JOSEPH PINTORELLI *vs.* HORTON & HEMENWAY.

PROVIDENCE—FEBRUARY 1, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Master and Servant.   Knowledge of Danger by Servant.*

Where the danger and risk incident to the employment is an obvious one, no duty devolves upon the master to warn the servant against it.

(2)  *Fellow-Servant.   Vice-Principal.*

Where the danger is obvious, a foreman in assuring a servant that there is

no danger is not in the discharge of any duty devolved by law upon his
principal.  His negligence, if such, is that of a fellow-servant.
Distinguishing *Mann* v. *Oriental Print Works,* 11 R. I. 152.

TRESPASS ON THE CASE for negligence.  The facts appear
in the opinion.  Heard on demurrer to declaration, and de-
murrer sustained.

PER CURIAM.  The only negligence alleged against the
defendants is that their foreman, knowing of the peril and
danger of the work in question, carelessly and negligently
assured the plaintiff that there was no danger to him in un-
loading the derrick from the wagon.

(1)    This is not sufficient to put the defendants to a trial in
view of the other facts set out in the declaration.  These are,
in brief, that it was a rainy day, and that the poles of the
derrick which was to be unloaded were wet and slippery.
The fact that they were in this condition, and hence liable
to slip while being unloaded, was as obvious to the plaintiff
as to the defendants' foreman, and hence no duty was de-
volved upon the defendants of warning the plaintiff against
the danger therefrom.  Knowing of the danger, he must be
held to have assumed the risk.  Moreover, the assurance of
the foreman that there was no danger was not within the
scope of his authority to give, and hence, although acted
upon by the plaintiff, was nothing for which the master was
responsible.  It was a mere error of judgment on a subject
on which the plaintiff had the same means of knowledge as
the foreman.

(2)    The contention of plaintiff's counsel that the defendants
are liable because the assurance referred to was given by the
plaintiff's superior is untenable, for the reason that in giving
it he was not discharging any duty devolved by law upon his
principal.  And hence his negligence, if such it can properly
be called, was the negligence of a fellow-servant.  *Brodeur*
v. *Valley Falls Co.,* 16 R. I. 448 ; *Hanna* v. *Granger,* 18 R.
I. 507; *Larich* v. *Moies, Ib.* 513 ; *Frawley* v. *Sheldon,* 20
R. I. 258 ; *Morgridge* v. *Telephone Co.,* 20 R. I. 386.

The declaration does not bring the case within that class

of cases where the master is held liable for injuries sustained by the servant while acting in an emergency under the orders of a superior whom he was instructed to obey, and while doing something out of his ordinary line of employment, as was the case in *Mann* v. *Oriental Print Works,* 11 R. I. 152. In that case evidence was offered tending to show that when the plaintiff was employed he was given to understand that he was to obey the orders of his superior, the engineer, which clearly differentiates the case from the one before us.

The demurrer is sustained.

*James M. Gilrain,* for plaintiff.

*Vincent & Rice,* for defendants.