AGNES RUSSELL *vs.* RIVERSIDE WORSTED MILLS.

PROVIDENCE—JANUARY 23, 1903.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Master and Servant.    Dangers Known to Servant.*

While plaintiff was employed in operating a swiftly-running machine she was called from her regular employment by the section-hand and directed in loud and threatening language to wipe up water from the floor. In obedience to these orders and in the exercise of due care, and without any warning of the danger to which she was exposed, and with no opportunity to estimate the danger, as she alleged, her hand was caught in the gearing and injured.

On demurrer :—

*Held*, that, as plaintiff was familiar with the machine and its operation, the danger connected with the work which she was ordered to do was as obvious to her as to the defendant, and defendant was not liable.

TRESPASS ON THE CASE for negligence.    Heard on demurrer to fourth count of declaration, and demurrer sustained.

TILLINGHAST, J.    The fourth count in the plaintiff's declaration sets out that the defendant was operating a certain swift-running and dangerous machine in its mill where the plaintiff was employed, to wit, a spooler with certain cog-wheels and gears attached thereto ; that the plaintiff was under the direction and control of the defendant in tending said machine, and was subject to the orders of the section-hand ; and that, while she was so employed, certain water was accidentally overturned upon the floor under and near said machine, and that the plaintiff was then and there called from her regular employment by said section-hand, to whose orders and directions she was subject, and directed to wipe up said water from the floor ; and that, being suddenly and unexpectedly called upon and

directed to wipe up said water, in loud and threatening language and signs, she had no opportunity to examine and estimate the danger to which she would be subjected in obeying said direction of the section-hand, and that neither he nor any other person warned her of the danger to which she would be exposed in obeying said order ; that she proceeded to comply with said order, and, while in the exercise of due care in attempting to wipe up said water under and near said machine, her left hand was suddenly caught and entangled therein, and so badly crushed that it had to be amputated.

To this count the defendant has demurred, on the ground that, so far as appears therein, the defendant was not negligent in the premises.

We think the demurrer must be sustained.

(1)    The plaintiff does not allege that the machine by which she was injured was defective in any way, or that she did not know that it was dangerous.    Indeed, she alleges that it was a swift-running and dangerous machine, and that it had certain cog-wheels and gears attached thereto.    It also appears that it was the machine which she was employed to tend ; and hence it must be assumed that she was familiar with its operation, and also familiar with such parts thereof, whether cog-wheels, gears, or other appurtenances, as were open to her observation.    She must have known that if her hands came in contact with said cog-wheels and gears she was liable to be seriously injured, and hence that for her own protection she must take care not to expose herself to injury by coming in contact with such parts of said machine.    See *Morancy* v. *Hennessey*, 24 R. I. 205.

The mere fact that she was called from her regular employment by the section-hand and directed to wipe up water from the floor near to and underneath said machine did not excuse her from exercising proper care to protect herself from injury while doing said work.    Nor do we see that it is material that she was suddenly and unexpectedly ordered to do said work, or that the order was couched in threatening language.    That she could see the machine about which she was at work, and knew that it was dangerous to put her hand in close proximity

to said cog-wheels and gears, or other parts of said machine which were in rapid motion, must be taken for granted, for she does not allege that she was lacking in common sense.

We think it necessarily follows, therefore, that the accident must have been caused by her own carelessness.    If the plaintiff had been suddenly ordered to work on some machine with which she was not familiar, and thereby been subjected to a risk which she did not appreciate, and of which she was not informed or cautioned, the case would have been different, and would then fall within the rule laid down by this court in *Mann* v. *Oriental Print Works*, 11 R. I. 152, cited by plaintiff's counsel, and the plaintiff would be entitled to go to the jury on the questions involved.    But the case stated is clearly distinguishable from that one, and hence is not controlled by it.

Again, no peculiar circumstances are alleged to have existed whereby the plaintiff was prevented from observing the danger to which she was exposed in wiping up the water from the floor underneath or in close proximity to said machine.    And hence the averment that she was in the exercise of due care when the accident happened is overcome and virtually contradicted by the allegations pertaining to her surroundings. And, as we held in the recent case of *Baumler* v. *Narragansett Brewing Co.*, 23 R. I. 430, the mere fact that a plaintiff alleges in his declaration that he was in the exercise of due care does not have the effect of rendering it proof against a demurrer, if this allegation is clearly inconsistent with the other allegations contained in the declaration.    See also *Corning Steel Co.* v. *Pohlplotz*, 64 N. E. (Indiana) 476.

Coming now to speak more particularly of the specific ground relied on in the demurrer, namely, that, so far as appears in said count, the defendant was not negligent in the premises, we have to say that we are of the opinion that it is well taken. In order for the plaintiff to state a case of negligence against the defendant, it must be made to appear that the defendant owed her some legal duty which it has failed to discharge, whereby she has suffered injury..   That it owed her the duty of providing a reasonably safe place in which to do her work, and of furnishing reasonably safe appliances for the doing of

said work, is undoubtedly true.    But it is not alleged in said count that the defendant failed to discharge its duty in either of these regards.    That the defendant also owed to the plaintiff the further duty of instructing her in the discharge of her duties, and particularly as to the dangers incident thereto, if the dangers were of such a character as not to be obvious to a person of ordinary intelligence, is also true.    But, so far as appears in the count in question, there was no occasion for any instruction to be given, as the danger connected with the doing of the particular work which the plaintiff was ordered to do was just as obvious to her as it was to the defendant.   She was simply ordered to wipe up some water which had been accidentally spilled upon the floor near to her machine.    And there was no occasion for any one to tell her that if, in doing this simple work, she should put her hands into said machine she would probably get hurt.

We fail to see, therefore, that the count in question charges the defendant with any actionable negligence.

Whether, in case the plaintiff had alleged in said count, as she does in the first one, that the defendant was guilty of negligence in failing to provide the gearing of said machine with proper safeguards, as required by Gen. Laws R. I. cap. 68, § 6, a *prima facie* case would have been stated, we are not now called upon to decide.

The demurrer to the fourth count is sustained, and the case remanded for further proceedings.

*Clarence A. Aldrich and B. W. Grim*, for plaintiff.
*Walter B. Vincent*, for defendant.