HUGH J. SHERIDAN *vs.* GORHAM MFG. COMPANY.

APRIL 3, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Master and Servant.   Pleading.   Due Care.   Hand-tools.*

Declaration against a master stated that a ladder which defendant provided was unsafe in that certain iron points at its lower ends had become dull and smooth, and that while plaintiff was standing on one of its rounds it slipped, precipitating him to the floor.   The declaration contained the usual allegations of knowledge by the defendant and lack of knowledge by plaintiff, who was alleged to be in the exercise of due care:—

*Held,* that the allegations in a declaration of the exercise of due care and lack of knowledge on part of plaintiff did not under all circumstances, forbid a demurrer.

*Held,* further, following *Baumler* v. *Narra. Brewing Co.* 23 R. I. 430, that when it is apparent from the facts stated in a declaration that a plaintiff, if he had

used his senses, must have known of the danger complained of, no allega-
tions which he may incorporate in his declaration will render the declara-
tion sustainable.

*Held,* further, that a ladder is to be classed with other ordinary "hand-tools,"
and so a servant is chargeable equally with the master with knowledge of its
obvious imperfections.

TRESPASS ON THE CASE for negligence. Heard on plaintiff's
exceptions to action of Superior Court in sustaining demurrer
to declaration, and exceptions overruled.

PARKHURST, J. This is an action of trespass on the case for
negligence, and is now in this court on the plaintiff's exceptions
to the action of the Superior Court in sustaining a demurrer to
the declaration.

The declaration states that the plaintiff was a servant of the
defendant, and that in the course of the plaintiff's employ-
ment as an electrician it became necessary to use a ladder for
the purpose of reaching a ceiling of one of the rooms in the de-
fendant's factory; that the ladder which the defendant pro-
vided and gave to the plaintiff was unsafe and defective, in that
certain iron points, or spurs, with which said ladder was equip-
ped at its lower ends, had become dull and smooth, so that said
ladder while in use was likely to slip on the floor; and that
while plaintiff in using said ladder was standing on one of its
rounds said ladder slipped and precipitated the plaintiff to the
floor, thereby injuring him. The usual allegations of knowl-
edge by the defendant and lack of knowledge by the plaintiff,
who is alleged to have been in the exercise of due care, are con-
tained in the declaration.

To this declaration the defendant demurred, upon the follow-
ing grounds:

*First.* Because it does not appear in said declaration that
the plaintiff could not, in the exercise of reasonable diligence,
have known that the iron points in the end of each side of the
ladder were dull and smooth, before he placed himself upon
said ladder.

*Second.* Because it appears in and by said declaration that
the plaintiff had an equal opportunity with the defendant of
knowing of the condition of said ladder.

*Third.* Because it appears in and by said declaration that the plaintiff was not in the exercise of due care.

This demurrer was heard before Mr. Justice Brown in the Superior Court, on October 30th, 1906, and the demurrer was sustained by decision rendered on November 13, 1906.

To this decision the plaintiff duly excepted, and filed a notice of intention to prosecute a bill of exceptions according to law. The bill of exceptions was duly allowed, and the case was thereupon certified to this court.

The exceptions simply raise the question of whether or not Mr. Justice Brown erred, as a matter of law, in sustaining the demurrer.

The plaintiff contends that, inasmuch as he has alleged in his declaration that he was in the exercise of due care, and had no knowledge of the danger of slipping incident to the use of the ladder, he has tendered proper issues of fact upon these points, and his declaration is not, for that reason, demurrable; but his citations in support of this point fail to sustain his contention. In *Flynn* v. *International Power Co.*, 24 R. I. 291, the only point of the decision relevant to the case at bar was that the failure of the plaintiff to allege that he did not know of the defect complained of as negligence made the first count of the declaration demurrable. It was not decided that the presence of such an allegation under any or all circumstances would forbid a demurrer. And in *Dalton* v. *R. I. Company*, 25 R. I. 574, it was held that the want of an allegation negativing the assumption of a known risk, or stating an excuse for continuing the work if the risk was known, made the declaration demurrable; it was not decided that the presence of such allegations would under all circumstances forbid a demurrer.

On the contrary the principle laid down by this court in the case of *Baumler* v. *Narra. Brewing Co.*, 23 R. I. 430, is equally applicable to the case at bar. Tillinghast, J., on p. 435, speaks for the court as follows:

"The plaintiff further argues that the allegation in the declaration that he was in the exercise of due care is sufficient to rebut the claim made by defendant that plaintiff assumed the risk. We do not think so. The court must take the declara-

tion in a case of this sort as a whole in determining whether it states a case; and if it appears from all the facts stated therein that the plaintiff could not have been in the exercise of due care, the mere fact that it alleges that he was does not save it from being demurrable.   We may also add that we do not agree with the plaintiff's contention that the allegations of lack of knowledge of the work, and the location, and lack of warning regarding the same, prohibit the assumption that the danger was obvious and that the plaintiff assumed the risk.   When it is apparent, from the facts stated in a case of this sort, that if the plaintiff had used his senses he must have known of the danger complained of, no allegation which he may incorporate in his declaration as to lack of knowledge, lack of warning, or duty of the master will be allowed to overcome and rebut said facts and render the declaration sustainable.   Such a declaration is inconsistent and therefore demurrable."

(1)   It has been repeatedly held that an ordinary ladder, such as was used in the case at bar, is to be classed with other ordinary "hand-tools;" and so, that the servant using a ladder in the course of his usual employment is chargeable, equally with the master, with knowledge of its obvious imperfections.   Thus it was said in *Cahill* v. *Hilton*, 106 N. Y. 512, at p. 518, as follows: "A ladder, like a spade or hoe, is an implement of simple structure, presenting no complicated-question of power, motion or construction, and intelligible in all of its parts to the dullest intellect.   No reason can be perceived why the plaintiff, brought into daily contact with the tools used by him, as he was, should not be held chargeable, equally with the defendants, with knowledge of their imperfections."

So also in *Marsh* v. *Chickering*, 101 N. Y. 396, a case very similar to the case at bar, but a stronger case for the plaintiff, inasmuch as the proof showed that the plaintiff had given the defendant actual notice of the want of hooks and spikes to keep the ladder from slipping, and had received the promise of the superintendent that these safety appliances should be placed upon the ladder; and yet the plaintiff had continued to use the ladder without them until he was injured by reason of

the slipping of the ladder.   He was held to have assumed the risk of the known danger.

So also in the case of *Borden* v. *Daisy Roller-Mill Co.*, 74 N. W. Rep. 91 (Wis.), which raises substantially the same question, as in the case at bar; and the court in an elaborate and well-considered opinion, says (p. 92) as follows:

"A ladder is one of the most simple contrivances in general use.   The danger attending such use is a matter of almost common knowledge, and is particularly within the knowledge of men engaged in such work as that in which plaintiff was employed when injured.  .  .  .

"There was no question in the case as to plaintiff's being an experienced workman in the use of ladders on floors in mills; no dispute but that he had as good an opportunity as defendant for knowing of the defects in the ladder, if any existed, and all the probable consequences that might follow; no dispute but that he might, by an instant's inspection of the ladder, have found out its exact condition; no dispute but that he selected the ladder and used it without any sufficient, or really any, inspection in regard to its being furnished with points to prevent its slipping on the floor; in that state of the case, under the well-settled rule that an employee is chargeable with knowledge of all the dangers that are apparent to such observation as men of ordinary care, under the circumstances of the situation, would be likely to make, and the duty to guard himself against injury therefrom, and that if, by reason of such dangers, he is injured, he is remediless by reason of his contributory fault,— the plaintiff clearly assumed the risk of his using the ladder in the condition it was."

In view of these well-considered opinions, with which we heartily concur, we are of the opinion that there was no error in the decision of the Superior Court, and the same is affirmed.

The exception is overruled, and the case is remanded to the Superior Court for further proceedings.

*Thomas J. Flynn*, for plaintiff.

*Vincent, Boss & Barnefield*, for defendant.