RAFFÆLE MANZI *vs.* WASHBURN WIRE COMPANY.

APRIL 12, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Master and Servant.  Assumed Risks.*

Where plaintiff, employed by defendant, May 1, to head up nail-kegs, was, on June 12, ordered to operate a nail-cleaning machine, the belt of which was shifted by means of the stave of a nail-keg, the belt, pulleys, and shafting being unprotected from contact with the person of the operator; the plaintiff being inexperienced in the operation of the machine, and of the operation of machinery in general of that character, and without being warned of the danger of the work, or instructed as to the manner of doing it with safety to himself, was thrown against the machine by the breaking of the stave while he was shifting the belt, and injured, he did not, as matter of law, assume the risk either of such operation or of the breaking of the stave.

(2)  *Master and Servant.  Assumed Risks.*

Where an employee is called upon to operate a dangerous machine which is new to him and outside of his general employment, and so constructed that the danger is not obvious, it is the duty of the employer to give him proper instruction and warning; and the employee does not, as a matter of law, assume the risks when he is ignorant of facts on which a proper appreciation of such risks may depend.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiff to decision of Superior Court sustaining demurrer of defendant, and exceptions sustained.

JOHNSON, J.  This case is before the court on exceptions to the decision of the Superior Court sustaining the defendant's demurrer to the declaration, said decision holding in substance that the plaintiff, though without experience in operating the machine in question, must be held to understand the danger arising from being precipitated against a belt in motion; and the possibility that a stick of wood in his hands upon which he is exerting muscular pressure may break under that pressure and that such risks are obvious, and therefore assumed by the plaintiff.

The declaration is in trespass on the case for the recovery of damages resulting from the alleged negligence of the de-

fendant. The declaration contains three counts. In each count it is alleged that on June 12, 1907, the defendant was engaged in the manufacture of nails and in connection therewith operated a nail-cleaning machine; that the mechanism of the machine was actuated by power conveyed by a belt from a line of shafting to a fixed pulley on the machine; that the machine was started by shifting the belt from a loose pulley to a fixed pulley; that the belt, pulleys, and shafting were not protected from contact of the person or clothing of the operator of the machine; that the defendant did not use any mechanical contrivance to effect the shifting of the belt from the loose to the fixed pulley, but used the method of shifting the belt by means of a stave of a nail-keg; that this method was dangerous to the bodily safety of an untrained, unskilled, and inexperienced person operating the machine, in that it was possible for the operator to be precipitated upon the belt by the breaking of the stave; that the work of starting and stopping and supervising the operation of the machine was work requiring for its proper performance without harm or injury or risk or danger thereof to the operator, training, skill, and experience; that the defendant employed the plaintiff, May 1, 1907, to head up nail-kegs, work in no way connected with the operation or supervision of the machine; that June 12, 1907, the defendant assigned to the plaintiff the work of supervising the operation of the machine and the stopping and starting thereof; that the plaintiff was without previous training, skill, or experience in the operation of the machine, and was ignorant of the operation of machinery by a system of belts, pulleys, and shafting; that on June 12, 1907, the plaintiff, while in the exercise of due care, "was injured by being precipitated with great force and violence by reason of the breaking of a certain stave or stick of wood furnished said plaintiff by said defendant corporation and by it required to be used by said plaintiff to perform the work of shifting said belt from said loose to said fixed pulley in and upon said belt in such manner that the clothing of said plaintiff was caught by said belt while it was in motion," and he was drawn between the machine and the floor.

In the first count the plaintiff charges as the violated duty

the duty of warning the plaintiff of the danger to his person of the work, and instructing him in the manner in which the work should be performed with safety to himself.

In the second count the plaintiff charges as the violated duty the duty of supplying a reasonably safe appliance for the plaintiff to do the work required of him in shifting the belt from the loose to the fixed pulley.

In the third count the plaintiff charges as the violated duty the duty of providing some reasonably safe, proper, and adequate protection from contact with the person or clothing of said plaintiff of said belt, pulleys, and shafting in the event of said plaintiff, being precipitated thereon by the breaking of the appliance provided for the purpose of shifting the belt.

The causes specified in the demurrer to each count were (1) that it did not appear that the defendant had been guilty of negligence; (2) that it appeared that plaintiff's injuries were caused by an obvious risk of his employment accepted by him; (3) that it did not appear that defendant knew or had reason to know that the implement used by the plaintiff was not of sufficient strength for the purpose for which it was employed; and (4) that the condition of the implement used by the plaintiff was as apparent to the plaintiff as to the defendant.

We are of the opinion that the allegations of the declaration, if sustained by adequate proof, would make out a proper case to go to the jury on the questions of negligence of the defendant and of assumed risk and contributory negligence on the part of the plaintiff.

We do not think that, on the averments of the declaration, it can be said, as a matter of law, that the plaintiff, who was employed, May 1, 1907, to head up nail-kegs, when set to work, on June 12, 1907, the day on which he was injured, to supervise the operation of the machine and the stopping and starting thereof, without previous training, skill, or experience in such work, and ignorant of the operation of machinery by a system of belts, pulleys, and shafting, and without being warned of the danger to his person of such work or being instructed as to the manner of doing the work with safety to himself, can be said to have assumed the risk of such operation of said machine.

Neither do we think he can be said, as matter of law, to have assumed the risk of the breaking of a stave of a nail-keg used in shifting the belt on said machine, not having been instructed and having no previous knowledge of the danger attendant upon the operation of shifting a belt upon such a machine with such an appliance.

(2)    It is well settled that, where an employee is called upon to operate some dangerous machine which is new to him, and outside of his general employment, and which is so constructed that the danger thereof is not obvious, it is the duty of the employer to give him proper instruction and warning in connection therewith. *Frangiose* v. *Horton & Hemenway*, 26 R. I. 291, 293, 294, and cases cited. It can not be said as matter of law that the plaintiff assumed the risks of the employment when he was ignorant of facts on which a proper appreciation of the risks may have depended. *Laporte* v. *Cook*, 21 R. I. 158; *Pilling* v. *Machine Co.*, 19 R. I. 666; see also *De Costa* v. *Hargraves Mills*, 170 Mass. 375; *Atkins* v. *Merrick Thread Co.*, 142 Mass. 431; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; *O'Connor* v. *Adams*, 120 Mass. 427; *Brennan* v. *Gordon*, 118 N. Y. 489; *Quinn* v. *Johnson Forge Co.*, 9 Houst. (Del.) 338; *Whitelaw* v. *Memphis & C. R. R. Co.*, 16 Lea (Tenn.), 391; *Michael* v. *Roanoke Machine Works*, 90 Va. 492.

The plaintiff's exception to the decision of the Superior Court sustaining the defendant's demurrer is sustained, and the case is remitted to the Superior Court with direction to overrule said demurrer, and for further proceedings.

*Edward M. Sullivan*, for plaintiff.

*C. M. Van Slyck and Frederick A. Jones*, for defendant.