## ALBERT GENTILE *vs.* AMERICO VECCHIO.

DECEMBER 12, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This action of trespass on the case for negligence was brought by the plaintiff to recover damages for personal injuries sustained by him while employed by the defendant to assist in clearing certain property of brush and shrubs. The case was heard on the demurrer of the defendant to the second amended declaration of the plaintiff by a justice of the superior court, who thereafter sustained the demurrer as to all counts. The case is before this court on the plaintiff's exception to that ruling.

The instant declaration is in five counts, in each of which it is alleged in substance that in May 1958 plaintiff was casually employed by defendant to assist in clearing a plot of land of shrubs and brush; that in the course of such work defendant directed plaintiff to ascend into a high tree for the purpose of removing a limb; that as plaintiff was cutting the limb with a saw it cracked and swung downward, striking him and throwing him to the ground; that plaintiff is a truck driver by occupation and is without experience in the work of trimming trees and was unable to appreciate the risks involved therein; that the cutting of trees is a hazardous and complicated operation for which special training or experience is required; and that plaintiff had no such training and was without such experience, which

fact was known or reasonably should have been known by defendant. In each count a duty peculiar to the relationship of master and servant is stated and a breach thereof alleged.

The casual nature of plaintiff's employment by defendant having been admitted by the demurrer, it follows that the provisions of the workmen's compensation act are without application to this employee. In such circumstances certain common-law defenses available to employers under the law of master and servant may properly be invoked by defendant in this case. See general laws 1956, §§28-29-2 and 28-29-3.

From the rescript it appears that the trial justice sustained the demurrer primarily on the ground that the declaration revealed an assumption by plaintiff of the risks involved in the employment that barred his recovery in the instant action. It is settled in this state that an employee who enters into a hazardous occupation, knowing of its perils, assumes the risk thereof and may not recover damages from the employer for injuries consequent to such risks. *Kelley* v. *Silver Spring Bleaching and Dyeing Co.*, 12 R. I. 112, 116.

As we understand it, however, plaintiff's contention is that in each count of the declaration he has set out allegations that negative an assumption by plaintiff of the risks of the employment and that because of such allegations the trial justice erred in finding as a matter of law an assumption of the risk on the part of plaintiff. The allegations for which such effect is claimed are, in substance, that tree trimming is a hazardous occupation that requires training and skill, that plaintiff lacked training and instruction in such work and was without experience therein, and that he was therefore unable to appreciate the dangers involved in the work and was not warned concerning such dangers.

It is true that an employee will not be held to have assumed the risks involved in hidden or concealed defects or

dangerous conditions or in circumstances where he is without knowledge of facts that would necessarily have to be known to appreciate the risks that are involved. *Tavares* v. *Dewing*, 33 R. I. 424; *Manzi* v. *Washburn Wire Co.*, 29 R. I. 460. But it is equally true that where a risk incident to the employment is obvious or is as apparent to the employee as to the employer, an employee who undertakes to work under such conditions assumes the risk of the perils involved. *Pintorelli* v. *Horton & Hemenway*, 22 R. I. 374; *Morancy* v. *W. & J. Hennessey*, 24 R. I. 205; *Russell* v. *Riverside Worsted Mills*, 24 R. I. 591.

It does not appear from an examination of the declaration that any of the perils or dangers involved in the work undertaken here were hidden or concealed or not plainly observable to plaintiff. So far as it appears from the declaration, plaintiff was a mature man of ordinary intelligence and experienced as a truck driver. Clearly he either did or should have recognized and appreciated the multiplicity of dangers involved in the work being carried on in his very presence. It is our opinion that the risks involved in the employment undertaken by him were obvious.

The question presented to us for decision then is one of pleading. Did plaintiff by setting out in the declaration allegations concerning his inexperience and lack of instruction as well as the failure to warn him of the dangers involved with a consequent inability on his part to appreciate these dangers operate so as to negative an assumption of the risks that were obviously involved in the employment? This question must be answered in the negative.

The rule applicable in these cases was stated by this court in *Sheridan* v. *Gorham Mfg. Co.*, 28 R. I. 256, and in *Baumler* v. *Narragansett Brewing Co.*, 23 R. I. 430. The rule as it is stated in the latter case at page 435 of the opinion is: "* * * we do not agree with the plaintiff's contention that the allegations of lack of knowledge of the work, and the location, and lack of warning regarding the same, prohibit

the assumption that the danger was obvious and that the plaintiff assumed the risk. When it is apparent, from the facts stated in a case of this sort, that if the plaintiff had used his senses he must have known of the danger complained of, no allegations which he may incorporate in his declaration as to lack of knowledge, lack of warning, or duty of the master will be allowed to overcome and rebut said facts and render the declaration sustainable. Such a declaration is inconsistent and therefore demurrable."

If the facts in the *Baumler* case differ from those in the instant case, as the plaintiff contends, nevertheless the rule stated therein is peculiarly applicable to the instant case. In our opinion the declaration reveals that the perils involved in the instant case were obvious and consequently, under the rule quoted above, the allegations concerning the plaintiff's inexperience and lack of warning did not negative the assumption of the risk by him.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*George Ajootian,* for plaintiff.

*Gunning & LaFazia,* for defendant.