Albert LOFFREDO III,

v.

MERRIMACK MUTUAL FIRE INSURANCE COMPANY.

No. 95–19–Appeal.

Supreme Court of Rhode Island.

Jan. 29, 1996.

William Filippo, Providence, for Plaintiff.

Mark T. Reynolds, for Defendant.

## OPINION

PER CURIAM.

This matter came before a panel of this court for oral argument on January 16, 1996, pursuant to an order directing the defendant to appear and show cause why the judgment entered in the Superior Court should not be summarily reversed. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the Superior Court judgment should be summarily reversed.

The plaintiff, Albert Loffredo III (plaintiff) appeals from a Superior Court judgment entered pursuant to a directed verdict in favor of defendant, Merrimack Mutual Insurance Company (defendant). On March 6, 1991, plaintiff suffered severe injuries to his hand while operating a power saw which was owned by his grandfather, Albert Loffredo (grandfather). The plaintiff sued his grandfather in the Superior Court, alleging that he had negligently failed to maintain the saw in a reasonably safe condition. The plaintiff specifically alleged that his grandfather had negligently replaced the manufacturer's safety guard on the power saw with a makeshift device that failed to protect the user of the saw. Further, plaintiff alleged that his grandfather had failed to warn him about the alteration to the safety guard. At the time of the accident, plaintiff's grandfather had a homeowner's insurance policy with defendant. During the pendency of the case, plaintiff's grandfather died; plaintiff thereafter sued defendant directly.

The case was reached for trial on October 14, 1994, and the trial was bifurcated on the issues of liability and damages with the issue of liability heard first. The plaintiff testified that he used the saw while he was repairing a shed for his grandfather. The plaintiff had never used the saw previously, and his grandfather did not instruct him on the proper way to operate it. As he attempted to cut

a "two by four" piece of wood, the wood buckled and knocked over the safety guard. The machine then began to bounce and shake. The plaintiff stepped to the side of the machine and reached in to remove a small triangular piece of wood. He reached in to remove the small piece of wood because he was afraid that it would hit him in the eye. When plaintiff attempted to remove the wood, his hand came into contact with the side of the blade and was pulled into the blade slot of the saw. Although plaintiff did know how to turn off the power to the saw, he failed to do so because he believed that he could safely remove the piece of wood with the power on. Further, plaintiff testified that he did not realize that if his hand touched the side of the blade, his hand would be pulled into the blade slot.

At the close of plaintiff's case the trial justice granted a directed verdict in favor of defendant. He ruled that plaintiff assumed the risk of injury as a matter of law. Specifically, the trial justice stated that plaintiff "knew exactly what [he] was doing and knew what would happen if he put his hand into [the saw]." The trial justice found that the facts of the case suggest only one reasonable inference and was therefore a question of law for the court.

■ In ruling on a motion for a directed verdict, the trial justice has as his or her duty to review all the evidence in the light most favorable to the party against whom the motion is made, without weighing the evidence or considering the credibility of the witnesses, and extract from the record only those reasonable inferences that support the position of the party opposing the motion. *Rickey v. Boden*, 421 A.2d 539, 542–43 (R.I. 1980). "If, after taking such a view, the trial justice finds that there exist issues upon which reasonable [people] might draw conflicting conclusions, the motion should be denied and the issues should be left for the jury to determine." *Id.* at 543. This court, in reviewing the trial justice's decision, examines the evidence in the same manner and is bound by the same rules. *Id.*

■ The doctrine of assumption of the risk is an affirmative defense which operates to absolve a defendant of liability for having created an unreasonable risk. *Id.* "In the absence of an express agreement, an individual does not assume the risk of harm arising from another's conduct unless he [or she] knows of the existence of the risk and appreciates its unreasonable character." *Id.* In determining whether an individual was aware of a particular risk and understood its character, we shall look to the record to ascertain "what the particular individual in fact saw, knew, understood, and appreciated." *Id.* A person will be held to have assumed the risk incident to his or her conduct when that person voluntarily proceeds, knowing and appreciating the danger. *Id.*

■ "Generally, the resolution of the issue of whether a plaintiff assumed the risk is for the trier of fact. If the facts suggest only one reasonable inference, however, the issue becomes a question of law for the trial justice and may be the basis of a directed verdict." *Id.*

■ In examining the record in the light most favorable to the plaintiff, we find that the evidence does not support the trial justice's decision in granting the defendant's motion for a directed verdict on the basis of the doctrine of assumption of the risk. The record permits the inference that the plaintiff did not assume the risk of the injury. Specifically, the plaintiff testified that he had never used the saw previously and that his grandfather had not instructed him on how to operate it. Most importantly, he stated, he did not realize that if his hand touched the side of the blade it would be pulled into the blade slot. Whether the plaintiff assumed the risk he encountered was a mixed question of law and fact. The resolution of the questions of what the plaintiff saw, knew, understood, and appreciated was for determination by the trier of fact and not by the trial justice.

For these reasons, the plaintiff's appeal is sustained. The Superior Court directed verdict in favor of defendant is reversed and the papers of the case are remanded to the Superior Court for a new trial.

MURRAY, LEDERBERG and BOURCIER, JJ., concur.

WEISBERGER, C.J., and SHEA, JJ., not participating.