Christopher HOWARTH

v.

GILBANE BUILDING COMPANY.

No. 96–190–Appeal.

Supreme Court of Rhode Island.

June 5, 1997.

Jeffrey D. Pettick.

Michael G. Sarli, Michael R. DeLuca, Dennis Grieco, Providence.

## ORDER

The plaintiff, Christopher Howarth (Howarth), appeals from a final judgment entered in favor of the defendant, Gilbane Building Company (Gilbane), on the grounds that Howarth assumed the risk of his injuries and that Gilbane did not have a duty to warn of an open and obvious danger. We ordered the parties to show cause why we should not decide this matter summarily. Upon review of their written submissions and oral arguments, we conclude that the appeal can be decided at this time.

Howarth was an ironworker at the Providence Convention Center project. In April 1992 he suffered injuries after he fell approximately sixty-five feet from a steel beam at the construction site. Howarth claimed that Gilbane, as construction manager, was negligent in failing to provide properly installed safety nets under the area where he was working when he fell. However, Howarth testified at his deposition that while he was installing safety netting at the project, he noticed that a specific area was not protected by a net. He did not make reference to any other areas at the site that were similarly unprotected. Although he said he remembered nothing about the accident, he added that before he climbed a column, he routinely checked the area for the presence of safety netting. He also conceded that even if the netting had not been in place on the day he was injured, he may have still proceeded to work in that area. Indeed, a coworker told Howarth that on the day of the accident he had seen Howarth climbing up a column around which there was insufficient netting. This same coworker, along with two others, gave a sworn written statement to the Occupational Safety and Health Administration describing the circumstances surrounding Howarth's climbing of the column and his subsequent fall. These statements were part of the Superior Court record when the parties argued the summary-judgment motion.

Howarth testified that he had been a journeyman structural steel ironworker for six years and had received training concerning the use of safety nets. He further admitted that the gap in the netting at the project site was "very much" an obvious safety problem, one that he knew could cause him serious injury if he fell in that location. And his complaint alleged in substance that he fell in an area that was unprotected by the net.

Given these admissions and the other evidence presented, we agree with the motion justice that summary judgment was properly granted for Gilbane on the grounds that Howarth assumed the risk of the injury he eventually suffered. Although assumption of the risk is generally an issue for the trier of fact to decide, when as here the facts suggest only one reasonable inference, it can be properly decided by the court as a matter of law. See, e.g., Hennessey v. Pyne, 694 A.2d 691, 701 (R.I.1997).

Here the evidence established that Howarth knew of the existence of the danger posed by an obvious gap in the netting under the area where he was working, appreciated its unreasonable character, and nonetheless voluntarily exposed himself to it. See id. at 700–01; see also Gentile v. Vecchio, 92 R.I. 38, 41–42, 166 A.2d 126, 128 (1960) (if a peril is obvious, a lack of warning will not negate the assumption of risk by the plaintiff). Notwithstanding Howarth's claim of "retrograde amnesia" as a result of his injuries, and without considering that portion of Howarth's deposition testimony concerning what the coworker told him about how the accident happened, there was sufficient evidence before the motion justice to warrant a summary judgment in favor of Gilbane. The only reasonable conclusion to be drawn from the evidence in the record was that Howarth knowingly climbed a column in an area that

did not have proper netting below it, thereby voluntarily exposing himself to an obvious risk of injury.

For these reasons, we deny and dismiss Howarth's appeal, affirm the award of summary judgment, and remand the papers in the case to the Superior Court.

LEDERBERG and GOLDBERG, JJ., did not participate.