Allen DURAND

v.

BOWERMAN BROS., INC. and
Greenville Enterprises,
Inc.

v.

TULLSON & GALLIGAN.

No. 96–347–Appeal.

Supreme Court of Rhode Island.

Nov. 20, 1997.

Michael St. Pierre, Warwick.

Jeffery F. Richardson, Warwick; Lauren D. Wilkins.

### ORDER

This case came before the Supreme Court for oral argument on November 4, 1997, pursuant to an order directing both parties to show cause why the issues raised by his appeal should not be summarily decided. The plaintiff, Allan Durand, has appealed from the entry of a summary judgment in favor of the defendants, Bowerman Bros., Inc and Greenville Enterprises, Inc. A final judgment pursuant to Super.R.Civ.P. 54(b) was entered in respect to these defendants.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The plaintiff, an electrician, was working at an elevated location on a construction site under defendants' supervision. The only access point to the job site was a doorway six feet above ground level. When the ladder used to reach the doorway became defective, a fellow worker stacked pallets together to construct a makeshift stairway that remained in use for several weeks despite plaintiff's complaints to his supervisors concerning the safety of the arrangement. Appropriate ladders were available from other locations at the construction site. On July 25, 1990, after having used this pallet stairway two to three times each day for three to four weeks, plaintiff fell and sustained injuries when the makeshift stairway slipped out from under him. Subsequently, plaintiff named defendants in a negligence action. The defendants moved for a summary judgment on the basis that plaintiff assumed the risk in using the makeshift pallet ladder. Summary judgment was granted, and plaintiff appealed.

It is well settled that in reviewing the granting of a motion for summary judgment, this Court applies the same rules as the trial court. *Mallane v. Holyoke Mut. Ins. Co.,* 658 A.2d 18 (R.I.1995). Only if our review reveals issues of material fact, and if we determine that the movant is not entitled to judgment as a matter of law, will we disturb the ruling of the trial justice who granted the motion. *Id.*

The plaintiff argued that issues of material fact did exist in this case and therefore, it was error to grant summary judgment. He contended that reasonable minds could have differed regarding whether plaintiff knowingly assumed the risk. We have held, however, that "if the facts suggest only one reasonable inference * * * the issue becomes a question of law for the trial justice." *Loffredo v. Merrimack Mut. Fire Ins. Co.,* 669 A.2d 1162, 1164 (R.I.1996). We are of the opinion that only one inference is possible from the facts of this case. Here, the trial justice did not err in finding that plaintiff assumed the risk of injury under circumstances in which ladders were available for use, albeit inconvenient. Like the plaintiff in *Howarth v. Gilbane Building Co.,* 701 A.2d 811 (R.I. 1997), plaintiff here knew of the existence of the danger, appreciated its unreasonable character, but nonetheless voluntarily exposed himself to the danger.

Therefore, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.