ANGELINA V. BURNHAM, Administratrix, *vs.* NEW YORK, PROVIDENCE & BOSTON RAILROAD COMPANY.

Three trials of an action against a railroad company for causing the death of a person through its negligence, resulted in a verdict for the plaintiff at each trial. The court set aside the verdict and grant a new trial for the third time for the same reason that the verdicts rendered at the first two trials were set aside, the testimony given at the third trial being essentially the same as that given at the former trials, and showing that the plaintiff's intestate was guilty of contributory negligence.

DEFENDANTS' petition for a new trial.

This was an action of trespass on the case for negligence causing the death of George K. Burnham, the plaintiff's intestate. On the evening of November 30, 1889, a switching engine belonging to the defendant company was run on to a track over which one of the trains of the Old Colony Railroad Company known as the "steamboat train" was about to

pass.   The steamboat train, on which Burnham was the engineer, ran into the switching engine and Burnham was killed.

The cause has been tried three times.   The first trial resulted in a verdict for the plaintiff for $7,500.   A new trial was granted for reasons appearing in the report of the case in 17 R. I. 544.   At the second trial the plaintiff recovered a verdict for $8,000, which was also set aside at the October Term of the Supreme Court, A. D. 1892.   The rescript which the court then handed down is printed in a note.   The third trial resulted in a verdict for the plaintiff for $11,000, whereupon the defendant petitioned for a new trial.

*March* 1, 1894.   PER CURIAM.   We do not see that the testimony in relation to the material points involved in this case is essentially different from that given at the two former trials, the verdicts in which were set aside as against the evidence.   Our rescript in Exceptions, &c., No. 1770,[1] sets forth clearly the grounds for setting aside the previous verdict, and is equally applicable to the present petition.

In addition to what is therein stated, we may say, that in

---

[1] PROVIDENCE SC.                                          SUPREME COURT,
                                                          OCTOBER TERM, 1892.

ANGELINA V. BURNHAM, Administratrix, ⎫
                                    ⎪
                *vs.*                ⎬ Exceptions, &c., No. 1770.
                                    ⎪
        N. Y., P. & B. R. R. Co.    ⎭

### RESCRIPT.

*Filed December 8, 1892.*

The contention of the plaintiff is that the accident was caused by the employees of the defendant corporation, who, she says, ran the switching engine upon the southward bound track directly in front of the steamboat train, on which the plaintiff's intestate was engineer, at a time when it was too late for the intestate to stop his train before it struck the switcher.

The defendant contends that the southward bound switch was turned and the signal light changed from green to red before the steamboat train came around the curve and in sight of the signal light.   If this is so, the plaintiff's intestate was guilty of negligence in not noticing the red light, or in not heeding it, and the plaintiff cannot maintain her verdict.

All the direct testimony in the case upon this point concurs in the statement

our opinion the evidence shows that if the plaintiff's intestate had been looking, he could have seen the head light on the switcher before him in season to have stopped his train before the collision.

Defendants' petition for a new trial granted and case remitted to the Common Pleas Division.

TILLINGHAST, J., dissenting.   I am unable to concur in the foregoing decision.   It was competent for the jury to find that it was negligence on the part of the defendant corporation to place one of its switching engines on the main track where the accident happened, at the time when the train on which plaintiff's intestate was the engineer was due at that place.   This act was in violation of the customs and rules of the road, and there was no exigency which required said customs and rules to be departed from.   This wholly unnecessary act not only jeopardized the lives of the engineer and fireman, but of every person on the train as well.

But even admitting that the defendant was not negligent in placing the switcher on the track as aforesaid, yet, having placed it there when the other train was due, it was its plain and imperative duty to give proper signals to the approaching train of the presence of the obstruction so as to prevent

---

that when the red signal was first shown the steamboat train had not come in sight.   There is also, we think, a strong preponderance of testimony to the effect that a red light was swung across the track in season to have prevented the collision if the engineer had seen and heeded it.   The probability that the three men on and about the switching engine, all of whom had in mind the approach of the steamboat train, should have recklessly run their engine upon the southbound track after the steamboat train came in sight, is much less than that the engineer should have neglected to look for the signal at No. 8.

Again, the testimony is uncontradicted that the signal light was turned with the switch before the switcher started to leave the northbound track, and that the switcher had time before the collision to move slowly from one track to the other and down to the switch leading from the southbound track to track No. 1. When the switching engine commenced this movement the steamboat train must have been far enough off to have stopped in time to prevent the collision.

The theory advanced by the plaintiff is only supported by inference from disputed testimony, is contrary to all the probabilities of the case, and is impossible if the uncontradicted testimony is true.

Defendants' petition for new trial granted.

Tillinghast, J., dissenting.

a collision ; and whether or not such signals were given is a disputed fact in the case, and hence is a question for the jury to decide.

The question regarding the contributory negligence of the deceased was also for the jury. There is proof that he was an experienced, skillful and careful engineer, well acquainted with the railroad on which the accident happened, and also that he was at his post of duty looking ahead constantly up to the time when he saw the signal of danger, (whether the banjo signal, the lanterns or the headlight on the switcher in front of him, or all of them together, is evidently in some doubt,) and that he then instantly put on the brakes, reversed his engine, and did all that he possibly could to stop his train in time to avoid a collision, but without avail.

The imminent danger to his own life as well as to the lives of the passengers would certainly prompt him to be on the alert for all danger signals and also to bring his train to a stop in the shortest possible time after discovering them. See *Cassidy.* v. *Angell,* 12 R. I. 447. The testimony as to the location of the witness Dunn when the steamboat train came in sight is conflicting and unsatisfactory, and it was for the jury to determine whether he went as far up the track to the north as the banjo signal No. 8, and even farther as he testified, for the purpose of signaling said train, or remained at a point so near to the scene of the accident as to enable him to be present at the latter place immediately after the collision, as testified by some of plaintiff's witnesses. The contention of the defendant, that the steamboat train was behind time when it reached the place where the accident occurred, is not sustained by the weight of the evidence. And even if said train had been behind time that, was no excuse for carelessness on the part of the defendant.

There is proof that the view of said banjo signal No. 8, even if said signal was showing danger, (about which there is a conflict in the testimony,) was more or less obstructed on the night of the accident, by lines of freight cars that were standing on the siding opposite thereto, and that it could not have been seen by the deceased for any consider-

able distance before arriving at the point where it was located. And as there is substantial proof that the brakes were applied just before the engine reached said signal, it was competent for the jury to find that, even though it was showing danger as contended by the defendant, yet that by reason of said obstructions it was of no avail until too late to stop the train in time to avoid the fatal collision. Moreover, this is not a case in which in my judgment, any court would be justified in directing a verdict for the defendant, there being substantial evidence both of negligence on the part of the defendant and due care on the part of the plaintiff's intestate. And it has been decided by an uncounted multitude of cases that when this is so the court cannot interfere. In short, the case is one which it is the province of the jury finally to determine, and hence all the court can properly do is to see that it is fairly and properly submitted to them.

After three full trials by jury in this case, and three concurring verdicts for the plaintiff, there certainly ought to be very grave reasons shown for granting another trial, before the court again interferes in the matter. In *Steadman* v. *Wilbur*, 7 R. I. 481, Chief Justice Ames used the following language: "After two full trials in this court by impartial juries, in which verdicts were rendered for the defendants, we certainly shall not open this case for a new trial without strong proof that justice imperatively demands it."

There must be an end of litigation somewhere; and in my judgment the justice of this case demands that it should be ended now by denying this petition.

*George J. West*, for plaintiff.

*Walter B. Vincent*, for defendant.