FREDERICK BAUMLER *vs.* NARRAGANSETT BREWING CO.

PROVIDENCE—DECEMBER 26, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Master and Servant. Assumed Risks. Dangerous Appliances.*

A servant, directed to clean out an open space of about thirteen inches underneath certain vats in a brewery, who crawls through the opening leading thereto and while working therein becomes wedged and bound, owing to his size and weight and the fact that the water which he was using saturated his clothes and caused them to rumple and bind against the supports, cannot recover for the injuries sustained, since his own

size and the size of the hole and the space in which he was required to work were facts known to him at the time, and hence were risks assumed by him as incident to his employment.

(2) *Assumed Risks.   Natural Laws.   Imputed Knowledge.   Master and Servant.*

Where a servant is neither of tender years nor lacking in ordinary mental capacity, the effect naturally resulting from the operation of a familiar physical law will be . presumed to be within his knowledge so as to bring such effect within the risks incident to his employment.

(3) *Pleading and Practice.   Allegation of " Due Care."*

Where a declaration as a whole shows that the plaintiff could not have been in the exercise of due care, the mere fact that it alleges that he was does not save it from being demurrable.

(4) *Exception to Rule of Assumed Risk.*

Discussion of cases of emergency within exception to rule of assumed risk.

TILLINGHAST, J.   This is an action of trespass on the case for negligence.

The declaration alleges in substance that the plaintiff was an employee of the defendant corporation in the capacity of a "filler" in the defendant's brewery—that is, that he was engaged in running beer into barrels and kegs—and that he was wholly unacquainted with the work which he was doing at the time of receiving the injuries complained of ; that in said brewery there were certain large vats resting upon supports at a distance of about thirteen inches from the floor ; that the plaintiff had had experience in breweries as a "filler," but had never had any experience in the work of cleaning out the space under said vats or under similar vats in other breweries, and was wholly ignorant of the risks attending the doing of such work ; that on January 30, 1900, he was ordered by George Wilhelm, the brewmaster for the defendant corporation, and the person who was in chief control and management of the work of the corporation and of all the employees thereof, to do whatever work he might be directed to do by the foreman of the cellar room, and that said foreman, without giving plaintiff any warning or notice of the danger of the work, ordered him to clean out the space under certain vats in said brewery ; and the

plaintiff, not knowing the nature of the work and not knowing or having the means of knowledge of the risks attending said work, and exercising due care in the performance thereof, crawled into the space under one of said vats.

The declaration further alleges that the spaces under said vats were covered and not visible, and that their smallness and the difficulty and risk attending working in them could not be appreciated from any observation which the plaintiff had been able to make, or from any experience, information, or means of knowledge possessed by him. And he avers that he is short and stocky in build, deep through the chest and body, and was at that time very heavy, and that the spaces under the vats were too small for him to enter or work in, which the defendant well knew, or, but for the lack of the exercise of ordinary care, would have known, and that it was dangerous for him to do the work of cleaning out said spaces and to go or crawl into the space beneath said vats. And he avers that it was the duty of the defendant to provide reasonably safe premises and appliances for him in doing the work of the defendant, and that it was its duty to refrain from placing him in a dangerous situation without giving him notice of the danger, and that it was negligence on the part of the defendant to order him to go under said vats. And the plaintiff further avers that said space was exceedingly narrow and contracted, and that in doing the work which he was ordered to do he was obliged to use a hose discharging water, and also to use certain brushes or scrapers; and that while in said space, by reason of its narrowness and smallness and by reason of the water saturating his clothes, and such wetting and the friction of the supports, floor, and vat upon his clothing, causing the same to rumple and bind against the supports and floor and vat, the plaintiff became wedged and bound in said space, whereupon he called for help for a long space of time, and that no assistance was rendered him, whereupon, for a time, the plaintiff lost consciousness, and later, with great difficulty, extricated himself from said space. And the plaintiff alleges that by reason of the smallness of said space his ribs were broken and he was

otherwise seriously and permanently injured, whereby he suffered great pain and was rendered unable to work, etc.

The defendant demurs to this declaration on the grounds:

1st.   That it appears therein that the danger was obvious and that the plaintiff assumed the risk.

2nd.   That the facts set forth in the declaration do not constitute negligence on the part of the defendant.

3rd.   That it appears from the declaration that the negligence of the plaintiff was the proximate cause of the accident.

(1)   The plaintiff's declaration in effect, in so far as it states the condition of things existing at the time of the accident, comes to this, viz.:   That there were certain large vats in the defendant's brewery which were so situated as to leave an open space underneath, between them and the floor, of about thirteen inches, which vats rested on supports through or between which there was an opening into said space.   That no machine or implement occupied any part of said space, and no pitfall or defect of any sort existed therein, but that it was simply an open space, with a floor beneath and the vats above, supported as aforesaid, and that the plaintiff, being ordered to clean out said space, crawled through the opening leading thereto, and, while working therein, became wedged and bound as aforesaid.

It must be taken for granted that the plaintiff knew what his own physical size and proportions were quite as well as anyone else.   Indeed, his declaration avers that he was familiar therewith, for it alleges "that he is short and stocky in build, deep through the chest and body, and was at that time very heavy."   It must also be taken for granted that he knew the size of the hole into which he crawled, as related to the size of his body at any rate, for it was sufficiently large to enable him to enter it and reach the open space aforesaid.   And as this space is not shown to be any less in height than said opening or hole through which he entered, it must have been sufficient to permit him to move around therein.   But he alleges that the space was too small for him to work in.   If this was so, it was evidently a fact which he

knew at the time when he went in, but did not see fit to regard.

Knowing the condition of things, then, the question arises whether, by attempting to do the work assigned him, the plaintiff did not assume any risk incident thereto. We think it is clear that he did. It is familiar law that when a servant consents to work in a given place, knowing and appreciating the danger, he assumes the risk incident to the employment. *Kelley* v. *Silver Spring Co.*, 12 R. I. 112 ; *Gaffney* v. *Ry. Co.*, 15 R. I. 456 ; *Disano* v. *Brick Co.*, 20 R. I. 452 ; *Pintorelli* v. *Hemenway*, 22 R. I. 374. But the plaintiff argues that, as the declaration alleges that the space under said vats was covered and not visible, the risk attending working in them could not be appreciated from any observation which the plaintiff was able to make, and hence that the rule aforesaid does not apply. Had there been any inherent or hidden danger underneath said vats the plaintiff's position would be tenable. But there was not. And hence the mere fact that the space was not visible from without in no way added to the danger and in no way contributed to the happening of the accident. It was not by reason of the darkness under the vats that the plaintiff was injured, but by reason of the narrowness of the space in which he voluntarily placed himself, and the condition of his clothing after using water in doing his work. Moreover, while the space underneath said vats was not visible, the hole or apperture leading thereto through which the plaintiff entered was visible, and, as already suggested, was of the same height as the space where he did the work. The experimental knowledge, therefore, which he must have obtained by crawling in, and before he was injured, was as full and complete as any which the defendant could have previously imparted to him by way of caution or otherwise. It appears, then, that whatever danger existed from the narrowness of said space was certainly as obvious to the plaintiff as it was to the defendant.

(2)    The plaintiff further argues and contends in substance, that the duty of notifying him of the danger he would incur while

doing said work, from his clothing becoming saturated with water, and thereby rendered more adhesive to the interior of said space, thus causing him to move about therein with greater difficulty, devolved upon the defendant, and that its failure to do so was negligence on its part. We fail to see that any such duty existed. The plaintiff does not allege that he was a person of tender years, or lacking in ordinary mental capacity. And hence it must be presumed that the effect naturally resulting from the operation of a familiar physical law was within his knowledge.

(3)    The plaintiff further argues that the allegation in the declaration that he was in the exercise of due care is sufficient to rebut the claim made by defendant that plaintiff assumed the risk. We do not think so. The court must take the declaration in a case of this sort as a whole in determining whether it states a case; and if it appears from all the facts stated therein that the plaintiff could not have been in the exercise of due care, the mere fact that it alleges that he was does not save it from being demurrable. We may also add that we do not agree with the plaintiff's contention that the allegations of lack of knowledge of the work, and the location, and lack of warning regarding the same, prohibit the assumption that the danger was obvious and that the plaintiff assumed the risk. When it is apparent, from the facts stated in a case of this sort, that if the plaintiff had used his senses he must have known of the danger complained of, no allegations which he may incorporate in his declaration as to lack of knowledge, lack of warning, or duty of the master will be allowed to overcome and rebut said facts and render the declaration sustainable. Such a declaration is inconsistent and therefore demurrable.

(4)    We have examined the numerous cases relied on by plaintiff's counsel in support of the declaration, but we are not convinced therefrom that it states a case which entitles the plaintiff to go to a jury. Most of the cases relied on in support of the declaration as against the first ground of demurrer are cases where it appears that while the plaintiff was in a position where he might have seen and appreciated

the danger, yet that, owing to the presence of some exigency or emergency, he failed or might have failed to do so. Thus, in *Haley* v. *Case*, 142 Mass. 316, although the plaintiff saw the cross-bar or sign over the gateway under which he drove and by which he was struck, yet having been sharply and peremptorily ordered by his employer to "get up on your team where you belong," and to drive through said gateway to the barn; and owing to the further facts that it was very hard pulling for the horses which he was driving; that the ground was covered with snow and ice; that the horses were smooth shod and could hardly stand while pulling the load on an up grade to the barn; and that the plaintiff's attention was chiefly devoted to the management of the horses, it was held by the court that it could not be said as matter of law that the plaintiff was not in the exercise of due care or that the defendant was not guilty of negligence. In *Missouri Ry Co.* v. *Milam*, 50 S. W. Rep. 417, the plaintiff's discovery of the absence of the hand-hold was practically simultaneous with his act of coupling the cars. And the court held that this being the case, the doctrine of assumed risk was not applicable. *Frye* v. *Gas Co.*, 94 Me. 17, was a case where the plaintiff's attention at the time of falling into the hole near where he was at work—of the existence of which he was well aware—was fully occupied by his work, which was that of slicing or raking the fires in the furnaces of defendant's works, which was done with a bar ten feet or more in length, the furnaces being twelve feet deep. It was necessary for him to do the work rapidly, in order to prevent the steam from running down while the furnaces were open. It was very hot in front when the doors were open, and in raking the plaintiff stood facing the furnace. The hole into which he fell had been there three days, and was partly covered with plank. The court held that it was for the jury to say whether the defendant was chargeable with negligence in not sufficiently covering the hole, considering its proximity to the furnace where plaintiff was at work and the method and exigencies of that work, and also that it was peculiarly a question for the jury whether the plaintiff acted

recklessly, regardless of his safety, or whether he exercised that degree of care reasonably to be expected in that situation and under all the circumstances.

The law applicable to cases of emergency is well stated in Beach on Contributory Negligence, 2d ed. § 40, cited by plaintiff's counsel. The author says: "When a plaintiff, through the negligence of the defendant, is placed in a situation where he must adopt a perilous alternative, or where, in the terror of an emergency for which he is not responsible, and for which the defendant is responsible, he acts wildly or negligently, and suffers in consequence, such negligent conduct, under these circumstances, is not contributory negligence, for the reason that persons in great peril are not to be required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances. In such a case the negligent act of the defendant is the proximate cause of the injury, and the plaintiff may have his action. Said Lord Ellenborough: 'If I place a man in such a situation that he must adopt a perilous alternative, I am responsible for the consequences.' And this is equally the rule even though it turns out that no injury would have been sustained had there been no attempt to escape the threatened danger. The principle is that errors in judgment on the part of a plaintiff, in trying to escape imminent danger brought about by the defendant's negligence, do not constitute contributory negligence, if the acts done were such as ordinarily prudent persons might have been expected to do under like circumstances, even though the injury would not have happened if the acts had not been done. So, where a passenger, apprehending a collision, rushes out of the car, where he would have been safe, and goes upon the platform, where he is hurt, his act is, upon this principle, justifiable, and he has his action for damages against the railway company; and where one, being lawfully upon a railway track when a train suddenly appears, jumps the wrong way in the excitement of the moment, it is not contributory negligence."

This court has repeatedly recognized and acted upon the

exception to the general rule, relating to the assumption of risks by the servant, which the above cases make. See *Mann* y. *Oriental Print Works*, 11 R. I. 152 ; *Disano* v. *Brick Co.*, 20 R. I. 452 ; *Pintorelli* v. *Hemenway*, 22 R. I. 375. The case at bar, however, as already intimated, does not fall within that class of cases, and hence they are not controlling.

In *Lee* v. *Reliance Mills Co.*, 21 R. I. 322, which seems to be specially relied on by plaintiff's counsel, it appears upon examination of the papers that the amended declaration sets forth that "while he [the plaintiff] was cleaning said grinder or grinding machine and was at work thereon, *which said work and operation required the exclusive attention and the prompt action of the plaintiff*" . · . . "*And while he was necessarily absorbed in the work of operating said grinding machine so that he was obliged to give his entire attention thereto and to work thereon with rapidity and promptness*," etc., he was injured. It will at once be seen, therefore, that the case is not an authority in support of the declaration now before us.

*Laporte* v. *Cook*, 21 R. I. 158, was also a case where there was evidence that the plaintiff was necessarily absorbed in the doing of his work on the pipes at the bottom of the trench where he was ordered to go, and that while so engaged the bank caved in upon him ; and hence that case is of the same general nature as those we have previously considered. The case most similar to the one at bar, which is cited and much relied on by plaintiff's counsel, is *Ferren* v. *Old Colony Ry. Co.*, 143 Mass. 197. The plaintiff in that case, who was a blacksmith, and whose work was in the shop, was ordered by the foreman to assist in moving a car in the yard outside the shop. He did so, and after the car was under a good headway he saw the man in front of him drop down under the car ; that he then looked and saw the danger he was in ; that he then started to go back and was caught by a stake-iron which projected from the side of the car, and he was caught between the car and an adjoining building and injured. He testified that he was familiar with the premises ; that he looked ahead when he started to push the car and

saw the wall of the building, the side of the car, and the space between the two through which he expected to go, and into the open space beyond. The distance between the door of the shop and the corner of the building was between twenty-two and twenty-three feet, and the distance between the building and the track at the door of the shop was forty and one-fourth inches, and at the corner of the building thirty and three-fourths inches. It was not contended by the plaintiff that the tracks or buildings were in any way unsafe or dangerous, except in their relation to each other and to other permanent objects of the yard, nor that the car was unsafe or dangerous except in its relation to the building, yard, and the track upon which it was moving. At the trial below the plaintiff was nonsuited, but the Supreme Court by a majority opinion ordered a new trial. The court say, *inter alia:* "If, under the circumstances stated, he was called on by his foreman to assist in this work, which was outside of the work which he was employed to do, and in a place where he had not before done such work, and if the peril was not obvious to him, and he failed to take notice that the space between the car and the building was too narrow for him to pass through with safety, and if his attention was so given to the work which he was doing that he did not discover the danger till it was too late to save himself, we cannot say, as matter of law, that he must be held to have assumed the risk. The case is close; but the evidence is sufficient to be submitted to the jury upon the question whether he was in the exercise of due care."

While we concede that this case is more nearly in point than any of the others relied on by plaintiff's counsel, yet we think it properly falls within the class above referred to, and hence does not sustain the plaintiff's position.

As we are of the opinion that the first ground of demurrer is well taken, there is no occasion for us to consider the other grounds, or the cases cited by plaintiff bearing thereon. The demurrer is sustained, and case remanded for further proceedings.

*John Doran and Thomas H. Holton,* for plaintiff.
*Walter B. Vincent,* for defendant.