JOHN O'KEEFE & a.

v.

ASSOCIATED GROCERS OF NEW ENGLAND, INC.
AND
LOCAL UNION NO. 633 OF THE TEAMSTERS' UNION

December 22, 1980

*James A. Connor*, of Manchester, by brief and orally, for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*John A. Lassey* orally), for the defendant Associated Grocers of New England, Inc.

*Christy & Tessier*, of Manchester (*Robert Christy* orally), for the defendant Local Union No. 633 of the Teamsters' Union.

BROCK, J. This case involves a contract action which raises issues concerning our workmen's compensation law. RSA ch. 281. The plaintiffs, John and Annette O'Keefe, attempt to recover damages from his employer, Associated Grocers, and his union for work-related injuries suffered by John O'Keefe. The contract upon which plaintiffs rely in bringing their actions is a collective bargaining agreement between O'Keefe's labor union and his employer. Specifically, the plaintiffs claim that the injuries occurred because O'Keefe was required to operate a defective piece of equipment in violation of that agreement. The defendants moved to dismiss the actions, alleging that they were barred by the then applicable provisions of RSA 281:12, and the Superior Court (*Contas*, J.) granted the motions and plaintiffs appealed.

On August 9, 1974, the plaintiff John O'Keefe was injured in a work-related accident while operating a fork-lift. Pursuant to RSA ch. 281, he received workmen's compensation benefits. His wife, Annette, first brought an action against the employer, Associated Grocers, for loss of consortium. RSA 507:8-a. That action was dismissed by the Trial Court (*Keller*, C.J.) on the basis that RSA 281:12 barred the action. Mrs. O'Keefe's appeal to this court resulted in our affirming the ruling of the trial court. *O'Keefe v. Associated Grocers*, 117 N.H. 132, 370 A.2d 261 (1977).

The O'Keefes' present actions rely upon the following provision in the collective bargaining agreement between his employer and his labor union:

> "No employee shall be required to drive or to operate or work upon any vehicle that is not equipped with all safety appliances prescribed by law or which vehicle or its equipment is in defective condition. No employee shall be subject to disciplinary action for refusing to operate such equipment."

The plaintiff John O'Keefe claims that both the union and the employer breached a contractual duty to provide and enforce safe working conditions for him. The plaintiff Annette O'Keefe alleges that she is a third-party beneficiary to the contract, entitled to assert a claim for loss of consortium. We affirm the superior court's dismissal of the plaintiffs' claims.

RSA 281:12 has been amended since these actions were brought. *See* RSA 281:12 (Supp. 1979). The statute in effect at the time these actions were brought is found in Volume 2-D (1977) of the New Hampshire Revised Statutes Annotated and provided as follows:

> "An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and to have *waived his rights of action at common law* to recover damages for personal injuries against his employer, or against the employer's insurance carrier as defined in RSA 281:2, VIII. The spouse of an employee entitled to benefits under this chapter shall have *no direct right of action* against the employer, or the employer's insurance carrier, *to recover for consequential damages*."

(Emphasis added.) The statute clearly prohibits an employee from maintaining a common-law action against his employer for

personal injuries arising out of the employment relationship. The plaintiffs' present actions sounding in assumpsit are intended to recover damages for personal injuries from the employer. They are clearly common-law actions, and they are therefore barred under RSA 281:12.

We hold that the plaintiffs cannot rely upon the collective bargaining agreement between the employer and the union to obtain indirectly benefits that they are unable to obtain directly.

*Affirmed.*

KING, J., did not sit; the others concurred.