Linda L. HORNSBY

v.

SOUTHLAND CORPORATION.

82–149–M.P.

Supreme Court of Rhode Island.

Jan. 31, 1985.

John D. Lynch, Gary R. Pannone, Lynch & McKiernan, Warwick, for plaintiff.

Leonard A. Kiernan, Jr., Bernard W. Boyer, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is a civil action brought by Linda Hornsby against her employer, Southland Corporation, claiming breach of contract to provide and maintain safe working conditions. The defendant's petition for certiorari was granted following the trial justice's denial of its motion to dismiss on the ground that the Workers' Compensation Act provides the plaintiff's exclusive remedy. Certiorari has been granted owing to the novelty of the plaintiff's claim. The ruling of the trial court is quashed and the matter is remanded with instructions to

grant the defendant's motion to dismiss since we find that the Workers' Compensation Act is indeed the exclusive remedial device in the instant situation.

■ Before setting forth the facts pertinent to this review, we reiterate our scope of review following the grant of a Rule 12(b)(6) motion. Dismissal of a cause of action under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure is a harsh remedy, and is proper only where plaintiff is not entitled to relief under any conceivable set of facts that might be proved in support of his or her claim. *Salvadore v. Major Electric & Supply, Inc.,* R.I. 469 A.2d 353, 357 (1983); *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967). In testing the sufficiency of a plaintiff's cause of action, all allegations are taken as true and all doubts are resolved in that plaintiff's favor. *Dutson v. Nationwide Mutual Insurance Co.,* 119 R.I. 801, 803–04, 383 A.2d 597, 599 (1978). Only where it appears beyond a reasonable doubt that the plaintiff is not entitled to relief should a Rule 12(b)(6) motion be granted. *Id.* at 804, 383 A.2d at 599. With these standards in mind, we consider plaintiff's factual allegations.

On the evening of February 26, 1979, plaintiff Linda Hornsby was attacked, beaten until rendered unconscious, and raped.[1] She had been working alone that evening as clerk and manager of one of defendant's 7-Eleven Stores located in Warwick, Rhode Island. According to plaintiff's complaint, an "agreement" had been reached, prior to her acceptance of employment, in which defendant specifically promised to provide adequate security and lighting at the store due to its location in a high-crime area of the city. The plaintiff contends that (1) defendant breached this "agreement" with the result that she was assaulted and raped, and (2) defendant's negligence and breach of duty owed her caused her to be injured. During preliminary discovery, plaintiff admitted that she had received workers' compensation benefits from defendant's workers' compensation insurer for the injuries received on February 26, 1979.[2]

On November 7, 1979, defendant moved for summary judgment on the ground that plaintiff's action was barred by the exclusivity provisions of the Workers' Compensation Act set forth in G.L. 1956 (1979 Reenactment) § 28–29–20.[3] Such motion was heard on December 18, 1979, and was subsequently denied since the trial justice found that there was indeed a material issue of fact.[4]

In an amended complaint, plaintiff added a second count[5] sounding in contract in which she alleged that defendant had willfully and intentionally breached its contract. The defendant then moved to dismiss this amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Such motion was denied on March 29, 1982, by the trial justice who interpreted the exclusivity provisions of the Workers' Compensation Act as applying only to tort actions for personal injuries. He concluded that a breach-of-contract action was not barred and that plaintiff had successfully stated a

---

1. The assailant had no connection whatsoever with either plaintiff or defendant.

2. The plaintiff received such benefits for twenty-two weeks at a rate of $71.48 per week. Benefits were terminated upon her return to work.

3. General Laws 1956 (1979 Reenactment) § 28–29–20 was amended by P.L.1982, ch. 32, art. 1, § 1, however, by its own terms, the 1982 amendment does not apply to the operative facts of this case. Therefore, any reference to § 28–29–20 which follows, is to the language contained in 1979 reenactment.

4. The trial justice found that "there is a material issue of fact which the court cannot resolve * * * [I]t is impossible to know, at the present time, what the terms of [the parties'] contract are, and therefore the court cannot make a determination of whether the exclusion of action under the Workers' Compensation Act applies to this situation."

5. The original count sounded in tort.

claim for breach of contract. The trial justice found that (1) plaintiff had entered into a "supplementary contract" for extra protection during her employment and (2) nothing in the Workers' Compensation Act prohibited parties from entering into such contracts in special circumstances.

The issue presented here on review is whether the exclusivity provisions of the Workers' Compensation Act operate as a bar to a common-law breach-of-contract action in which an employee has already received workers' compensation benefits.

Section 28–29–20 of the Workers' Compensation Act provides that

> "[t]he right to compensation for an injury under chapters 29 to 38, inclusive, of this title, and the remedy therefor granted by said chapters, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under said chapters while they are in effect."

An additional section of the act, § 28–29–17, states that an employee subject to the Act "shall be held to have waived his right of action at common law to recover damages for personal injuries" if the employee fails to give written notice to his employer that he or she wishes to reserve these common-law rights. Notice must be given at the time of hiring and the employee must subsequently file a copy of such notice with the director of labor within ten days thereafter.[6]

■ Rhode Island case law is clear that in the absence of proper notice preserving common-law rights, an employee is barred from bringing a tort action against her employer if workers' compensation benefits are appropriate. Recently, this court held that an employee who accepts workers' compensation benefits for a work-related injury forfeits all other rights to relief including a common-law tort action. *Iorio v. Chin*, R.I. 446 A.2d 1021, 1023 (1982).

■ The plaintiff raises a novel issue, however, in claiming that an injured employee may maintain an action for breach of contract in addition to relief provided under the Workers' Compensation Act. Although Rhode Island courts have not addressed this precise issue, other courts have done so. The New Hampshire Supreme Court concluded in *O'Keefe v. Associated Grocers of New England, Inc.,* 120 N.H. 834, 835–36, 424 A.2d 199, 200–01 (1980), that the actions of a husband and wife against the husband's employer for breach of contract were barred by New Hampshire's workers' compensation statute, which has exclusivity and waiver provisions comparable to those in the Rhode Island statute. The plaintiffs in *O'Keefe* alleged that the employer had breached a contractual duty to provide and enforce safe working conditions for employees. Noting that the husband had received workers' compensation benefits because his injuries were work related, the court stated that

> "[t]he statute clearly prohibits an employee from maintaining a common-law action against his employer for personal injuries arising out of the employment relationship. The plaintiffs' present actions sounding in assumpsit are intended to recover damages for personal injuries from the employer. They are clearly common-law actions, and they are therefore barred * * *." *O'Keefe*, 120 N.H. at 835–36, 424 A.2d at 201.

The Michigan Court of Appeals has similarly held that "[a]pplicability of the exclusive remedy provision of the Worker's Disability Compensation Act turns not upon the characterization of the asserted cause of action as tort or contract, but upon whether the employee has a right to recover benefits under the act." *Ottenwess v. Hawkeye Security Insurance Co.*, 84 Mich. App. 292, 296–97, 269 N.W.2d 570, 573 (1978).

---

**6.** In her brief, plaintiff admits that she failed to give the required notice in order for her to reserve her common law-rights.

Other legal authorities state that the exclusivity provisions of most workers' compensation statutes were intended to be broad enough to exclude contractual, as well as tort, claims. "The all-inclusive character of the exclusiveness principle results in barring actions for covered injuries even though the plaintiff casts his action in the form of a breach of some kind of contract." 2A Larson, *The Law of Workmen's Compensation*, § 65.38 at 12–23 (1983). Additional authority, which we find persuasive, is cited by defendant in its brief. The plaintiff has failed to produce any statutory or case law supporting her position, relying instead on public-policy arguments.

The policies and purposes underlying the exclusivity provision of the Workers' Compensation Act have been made clear in prior Rhode Island cases. In *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973), this court reiterated that § 28–29–20 was clearly intended to preclude any common-law action against an employer, substituting a statutory remedy at the election of the employee when he enters employment. *Id.* at 595–96, 305 A.2d at 543; *see also National India Rubber Co. v. Kilroe*, 54 R.I. 333, 336, 173 A. 86, 87 (1934). The act abolished the employee's right to a common-law action, and deprived the employer of certain common-law defenses, in order to provide a simple and expeditious procedure by which an employee would receive compensation from his employer for injuries sustained in a work-related accident. *Mustapha v. Liberty Mutual Insurance Co.*, 268 F.Supp. 890, 892 (D.R.I.1967). These policies do not support plaintiff's position that an injured worker may bring a common-law contract action against an employer. Indeed, they support just the opposite result.

It must be noted that there have been several judicial exceptions carved out of the exclusivity provisions of state workers' compensation statutes such as the dual-capacity doctrine, suits against parent and sibling corporations, the intentional-tort exception, and suits by third parties against employers for contribution [7] and indemnity. *See* Note, *Exceptions to the Exclusive Remedy Requirements of Workers' Compensation Statutes*, 96 Harv.L.Rev. 1641 (1983). However, none of these exceptions apply to the instant situation.

Finally, although the provisions of the Workers' Compensation Act do not preclude an employee and employer from making an express contract providing for additional damages for an injury otherwise covered by the act, such contract must comply with the provisions of § 28–29–17. That section mandates that the director of labor be notified within ten days of the employee's hiring. No such notice was given here. Nor should the notice requirement be dispensed with or diluted, particularly in light of the clear policy behind this provision to make workers' compensation an exclusive remedy absent a clear and unequivocal contract to the contrary.

Based upon the legislative and judicial authority articulated above, in conjunction with the policy considerations upon which the Workers' Compensation Act is premised, we decline to carve out a new exception to the exclusivity provision controlling in that act simply because an employee articulates a contractual claim as opposed to a tort claim.

The petition for certiorari is granted and the decision of the Superior Court is quashed and this matter is remanded with instructions to grant defendant's motion to dismiss.

---

**7.** Regarding contribution, Rhode Island has specifically rejected a third party's right to contribution from an employer where the employee's injury falls within the coverage of the Workers' Compensation Act and its exclusivity provisions. *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973).