### Edward PICCIRILLO

v.

### AVENIR, INC.

### 84–18–Appeal.

Supreme Court of Rhode Island.

Nov. 17, 1986.

Raul L. Lovett, Lovett Scheffrin & Gallogly, Providence, for petitioner.

David Oliveira, Providence, for respondent.

## OPINION

KELLEHER, Justice.

The worker in this Workers' Compensation dispute faults the Workers' Compensation Commission for an appellate commission's affirmance of a trial commissioner's denial of the worker's petition for benefits allegedly due him pursuant to the pertinent provisions of Rhode Island's Compensation Act. Hereafter we shall refer to the worker as Piccirillo and to the corporate employer as Avenir.

The record in this controversy reminds us that prior to the enactment of workers' compensation legislation by the General Assembly at its January 1912 session, any worker who sought recovery from the employer for damages in a common-law suit for negligence would be confronted with the almost unassailable defenses of contributory negligence [1] or assumption of the risk [2] or the so-called fellow-servant rule,

---

1. *Burnham v. New York, Providence & Boston Railroad Co.*, 18 R.I. 494, 30 A. 468 (1894).

2. *Baumler v. Narragansett Brewing Co.*, 23 R.I. 430, 50 A. 841 (1901).

which provides that an employer is not responsible for injuries caused to an employee by the negligence of his or her fellow worker.[3]

Avenir is a jewelry factory whose plant, at the time in question, was located in the Greenville section of the town of Smithfield. · Piccirillo seeks benefits for injuries he sustained on June 15, 1981, as a result of a fall down two flights of stairs while carrying boxes from Avenir's loft to its work area.

Piccirillo, however, is something more than a worker at Avenir because he serves as the corporation's vice president and treasurer. At the hearing before the trial commissioner a duplicate copy of a "notice" executed by Piccirillo was introduced into evidence. The notice in question is a printed form that was supplied to Piccirillo by the director of the Department of Labor.[4] It is entitled "Notice of Employee's Claim of Right of Action at Common Law in Accordance with § 28–29–17 of General Laws 1956." The notice, which is dated June 12, 1976, is directed to Avenir and states, "I, Edward Piccirillo, an employee of Avenir, Inc., hereby give notice that I claim my right of action at common law to recover damages for personal injuries sustained while in the employment of said * * *." The document bears Piccirillo's signature and contains a stamp that indicates it was received by the Workers' Compensation Division on July 15, 1976.

The notice issue came to light at a time when Piccirillo was presenting medical evidence to support his claim. The issue was raised in a written motion to dismiss Piccirillo's petition by a motion filed on behalf of Avenir. The motion alleged that dismissal was in order because Piccirillo had "waived" his rights to compensation benefits. While the motion was pending, the trial commissioner continued to hear testimony from the physician who treated Pic-

cirillo, as well as the manager of the Premium Audit Department of Reliance Insurance Company, Avenir's insurer. The manager testified that the records in evidence would indicate that at the time of his fall Piccirillo, as well as Avenir's president, had been "excluded" from coverage. The trial commissioner granted the dismissal motion on the grounds that the commission lacked jurisdiction in the matter. The appellate commission affirmed the trial justice's conclusions, observing that Piccirillo "effectively removed himself from the Workers' Compensation system." We agree.

Piccirillo's 1976 notice again reminds us that with the General Assembly's adoption over a half century ago of the Workers' Compensation Act came the almost complete nullification of the employer's ability to raise the common-law defenses referred to earlier in this opinion. Today, the near demise of those defenses can be found in General Laws 1956 (1986 Reenactment) § 28–29–3, which specifically provides that the employment of such defenses will not be countenanced in any workers' compensation proceeding.

Through the years the Legislature has given the worker who labors for an employer who has become subject, either willingly or unwillingly, to our compensation statutes an election of remedies. Section 28–29–17 provides that any such worker will have been deemed to have become subject to the Workers' Compensation Act and to have waived his or her common-law rights unless the employee, at the time of his or her hiring, gives written notice to the employer that the employee is retaining his or her right to sue at common law and within ten days thereafter forwards a copy of that notice to the workers' compensation department. In instances in which an employer becomes subject to the act subsequent to the employee's hiring, any employ-

---

3. *Laporte v. Cook,* 21 R.I. 158, 42 A. 519 (1899).

4. The General Assembly at its January 1985 session revamped the Workers' Compensation Act. The Department of Workers' Compensation was created, and today the director's duties, relative to the furnishing of notices, are entrusted to the director of the Department of Workers' Compensation. Public Laws 1985, ch. 365.

ee who wishes to retain recourse to the common law must give notice of such a choice to the employer and the department within ten days after the employer has become subject to the act. Any employee who has been subject to the provisions of the Workers' Compensation Act can opt for the common-law remedy if at least sixty days prior to the anniversary date of the employer's becoming subject to the act, the employee gives written notice to the director that he or she wishes to proceed according to the common law and ten days thereafter gives a similar notice to the employer.[5]

Piccirillo castigates the commission's denial of benefits, charging that the finding of waiver at the commission level is contrary to the statutory mandate found in § 28–33–26, which nullifies any agreement by an employee to "waive" his or her rights to compensation benefits to which he or she may be entitled. According to Piccirillo's theory, once an employee has received a job-related injury, the employee is then given the option of either suing by way of common law or seeking relief by way of compensation benefits. Although this option approach might be described as imaginative, it is hardly persuasive because it does violence to the clear legislative intent as construed by Mr. Justice Darius Baker in *Sayles v. Foley*, 38 R.I. 484, 505, 96 A. 340, 348–49 (1916), over a half century ago when he observed that article 1, section 6, of the original compensation act, which is almost identical to today's § 28–

29–17, "affords to the * * * employee a choice of remedies or procedure for the determination of [his] mutual rights and liabilities relative to a transaction or occurrence, as it may happen in the future." The justice also emphasizes that "the employee then has the opportunity of electing by positive act to remain under the common law and to preserve his remedies thereunder for future accidents or by inaction to tacitly accept the compensation features of the act." *Id.*

It's obvious that in 1976 when Piccirillo opted for the common-law negligence act in the event of a job-related injury, he was thinking as an executive rather than as a worker because the exclusion of both corporate officers benefited Avenir. The exclusion reduced the premium due the workers' compensation carrier. We agree with the counsel's use of the term "option," but we disagree as to the time the option must be considered. As Justice Baker pointed out, the choice must be made before the worker sustains an injury, not afterward.

The employee's appeal is denied and dismissed. The decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

---

5. General Laws 1956 (1986 Reenactment) § 28–29–19 makes it clear that any employee who has given notice to the employer of a choice to go the common law route may waive such a choice by giving appropriate notice in writing to the employer or his agent. Such notice is to take effect within five days after delivery to the employer.