Abel LOPES

v.

**G.T.E. PRODUCTS CORPORATION.**

No. 87–348–Appeal.

Supreme Court of Rhode Island.

June 28, 1989.

Raul L. Lovett, Aram Schefrin, Karen S. Silver, Lovett, Schefrin, Gallogly & Harnett, Ltd., Providence, for plaintiff.

Mark A. Pogue, Edwards & Angell, Providence, Bruce Calvert Palmer, Warwick, for defendant.

## OPINION

KELLEHER, Justice.

This is a Superior Court civil action brought by Abel Lopes (Lopes) against his employer, G.T.E. Products Corporation (G.T.E.), concerning injuries Lopes sustained at work. Lopes appeals following the trial justice's grant of G.T.E.'s motion to dismiss for failure to state a claim upon which relief can be granted and its motion for summary judgment. We affirm the trial justice's grant of the summary-judgment motion on the ground that there is no genuine issue as to any material fact and that as a matter of law G.T.E. is entitled to judgment.[1]

A summary-judgment motion pursuant to Rule 56(c) of the Superior Court Rules of Civil Procedure may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." On appeal this court reviews the propriety of the grant of a summary-judgment order by the same standards as the trial justice, which review includes an examination of the pleadings and affidavits viewed in a light most favorable to the party opposing the motion. *Steinberg v. State,* 427 A.2d 338, 340 (R.I.1981). We shall not affirm a trial justice's grant of a summary-judgment motion unless no issue of material fact exists and as a matter of law the moving party is entitled to judgment. *Russo v. Cedrone,* 118 R.I. 549, 375 A.2d 906 (1977).

Viewing the facts in the light most favorable to Lopes, we find the pertinent facts are as follows. On October 7, 1983, Lopes sustained spinal injuries while operating a forklift in the course of his employment at G.T.E. The injuries were proximately caused by G.T.E.'s "wilful and intentional" removal of the vehicle's safety guards and devices, thereby creating a dangerous and hazardous condition that G.T.E. knew was

1. In light of this holding we need not consider the propriety of the trial justice's grant of the motion to dismiss.

substantially certain to cause injury. Subsequent to his injuries, Lopes filed for and received workers' compensation benefits. Also, it is undisputed that Lopes failed to give G.T.E. notice of his intention to retain his common-law rights. With these facts in mind, we must decide if the trial justice was correct in granting G.T.E.'s motion for summary judgment.

General Laws 1956 (1986 Reenactment) § 28–29–20 of the Workers' Compensation Act (the act) provides that

"[t]he right to compensation for an injury under chapters 29–38, inclusive, of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

Additionally, § 28–29–17 provides that an employee of an employer subject to the act shall be held to have waived his right of action at common law for personal injuries if the employee has not given the employer written notice of his intent to reserve these rights. *Piccirillo v. Avenir, Inc.*, 517 A.2d 606, 607 (R.I.1986). Notice is effective under the statute only if given at the time of hiring and a copy of the notice is sent by the employee to the director of labor within ten days thereafter. *Id.; Hornsby v. Southland Corp.*, 487 A.2d 1069, 1071 (R.I. 1985). Also, in situations where an employer becomes subject to the act subsequent to the hiring of an employee, the employee shall be deemed to have waived his common-law right of action if the employer and the director of labor are not notified of the employee's intent to retain these rights within ten days of the employer becoming subject to the act. *Piccirillo*, 517 A.2d at 607–08. This waiver continues in force until such time as the employee notifies the director of labor, within sixty days prior to any anniversary of the employer's becoming subject to the act, of his intentions to reclaim his common-law rights and within

ten days a copy of the notice is sent to the employer. *Id.* Finally § 28–29–19 makes it clear that an employee who has previously given notice to the director of labor and his employer of his intention to retain his common-law remedy may waive this choice by giving appropriate notice to the employer or his agent. The notice is effective five days after delivery to the employer. *Id.*

This court has repeatedly held that if an employee has not properly retained his common-law rights, he is barred from bringing a tort action against his employer if workers' compensation benefits are appropriate. *Hornsby*, 487 A.2d at 1071. We have also held that once an employee has accepted workers' compensation benefits for a work-related injury, they have forfeited all other rights to relief including a common-law tort action. *Iorio v. Chin*, 446 A.2d 1021, 1023 (R.I.1982).

It is undisputed that Lopes was injured in the course of his employment, that he failed to give notice that he intended to retain his common-law rights, and that he received workers' compensation benefits for the injuries. Since there are no other material facts, we hold that pursuant to §§ 28–29–17 and 28–29–20 as well as the above-cited cases, G.T.E. was entitled to judgment as a matter of law.

In an attempt to circumvent the clear language of these statutes, Lopes argues that the instant suit is not barred by § 28–29–20 because he properly pleaded that G.T.E. had committed an intentional tort. In support of this proposition Lopes has cited cases from numerous jurisdictions as well as this court's opinion in *Hornsby*. Lopes places great reliance on the portion of *Hornsby* wherein we stated that "there have been several judicial exceptions carved out of the exclusivity provisions of state workers' compensation statutes such as the dual capacity doctrine, suits against parent and sibling corporations, *the intentional-tort exception*, and suits by third parties against employers for contribution and indemnity." (Emphasis added.) *Hornsby*, 487 A.2d at 1072. This is an accurate statement. Many jurisdictions

have, either by legislative enactment[2] or by judicial opinion,[3] permitted suits sounding in intentional tort despite an exclusive-remedy provision in their workers' compensation statutes. However, in Rhode Island neither the Legislature nor this court has created an intentional tort exception to the mandate of § 28–29–20. The language of *Hornsby* cited by Lopes is dictum and simply recognizes that other courts have created exceptions to exclusive-remedy provisions. Therefore, in the absence of a legislatively created exception to § 28–29–20, we shall adhere to the principle that an employee waives his or her common-law remedy if the employee fails to properly notify the employer of his or her intention to rely on the common law.

We affirm the trial justice's grant of G.T.E.'s summary-judgment motion. Lopes's appeal is dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.

**2.** *See, e.g.,* Ariz. Rev. Stat. § 23–1022 (1983); La. Rev. Stat. Ann. § 23:1032 (West 1985); N.J. Stat. Ann. § 34:15–8 (West 1988); Or. Rev. Stat. § 656.156 (1983); S.D. Codified Laws § 62–3–2 (1978); Wash. Rev.Code Ann. § 51.24.020 (West 1962); W. Va.Code § 23–4–2 (1985).

**3.** *See, e.g., Austin v. Johns–Manville Sales Corp.,* 508 F.Supp. 313, 316 (D. Me.1981); *Beauchamp v. Dow Chemical Co.,* 427 Mich. 1, 398 N.W.2d 882 (1986); *Blankenship v. Cincinnati Milacron Chemicals, Inc.,* 69 Ohio St. 2d 608, 433 N.E.2d 572, *cert. denied,* 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110 (1982); *Readinger v. Gottschall,* 201 Pa.Super. 134, 191 A.2d 694 (1963).