Jose L. NUNES et al.

v.

Anthony J. AIELLO et al.

No. 94–579–Appeal.

Supreme Court of Rhode Island.

Sept. 15, 1995.

Raymond Lafazia, Providence.

Adam Robitaille, Robert Landau, Providence.

**ORDER**

This matter came before the Supreme Court on September 12, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

Jose L. Nunes, his wife and children (plaintiffs), appeal from a Superior Court summary judgment entered in favor of Anthony J. and Ann G. Aiello (defendants). The undisputed facts giving rise to the instant appeal are briefly summarized below.

In September 1990 Jose Nunes was employed by Aborn Construction Company (Aborn). The defendants were the employees, officers, directors and shareholders of Aborn. During the course of his employment with Aborn, Jose Nunes was injured while performing his duties on property owned by defendants. He thereafter petitioned for and was awarded workers' compensation benefits from Aborn's workers' compensation insurance carrier. In addition, plaintiffs brought the instant common law negligence action against defendants in their capacities as property owners seeking damages. In response, defendants moved for summary judgment on the ground that the exclusivity provision of G.L. 1956 (1986 Reenactment) § 28–29–20 precludes their claim. A Superior Court motion justice granted defendants' motion from which plaintiffs appeal.

Section 28–29–20 provides in relevant part that "[t]he right to compensation for an injury * * * shall be in lieu of all rights and remedies as to that injury now existing either at common law or otherwise against an employer, or its directors, officers, agents or employees * * *." By virtue of this provision an injured employee may not maintain a common law action against an employer for

his or her injuries. *See Hornsby v. Southland Corp.*, 487 A.2d 1069, 1072 (R.I.1985). We believe this provision is dispositive of plaintiffs' claim. In the instant case the defendants were the directors, officers, agents and employees of the employer and, as such, have been given immunity from liability by the Legislature via § 28–29–20. Thus, the exclusive remedy is workers' compensation benefits. We find plaintiffs' theory of liability premised upon the doctrine of dual liability to be without merit. Accordingly, we are of the opinion that the Superior Court motion justice properly granted defendants' motion for summary judgment.

For the foregoing reasons, the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.