Rapp v. Boisvert, Litte Caesars Pizza CV-95-365-JD  04/26/96

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Renee Decelle Rapp

        v.                                  Civil No. 95-365-JD

John E. Boisvert, d/b/a
Little Caesars Pizza


                            O R D E R


     The plaintiff, Renee DeCelle Rapp, has filed this employment

discrimination action against her former employer, defendant John

Boisvert d/b/a/ Little Caesers Pizza - Plaistow.  Plaintiff

asserts two violations of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e et seq., (counts one and two); common law

battery (count three); common law assault (count four);

intentional infliction of emotional distress (count five);

negligent retention (count six); and negligent supervision (count

seven).  Before the court is the defendant's partial motion to

dismiss the common law claims (document no. 10).


                           Discussion

     The defendant has already filed an answer to the plaintiff's

complaint and, as such, the pleadings have closed within the

meaning of Rule 7(a).  Accordingly, the court will treat the

defendant's motion to dismiss, which was filed under Rules

12(b)(6), 12(h)(2), and 12(c), as a motion for judgment on the pleadings under Rule 12(c).

A motion for judgment on the pleadings will be granted if, accepting all of the plaintiff's factual averments contained in the complaint as true, and drawing every reasonable inference helpful to the plaintiff's cause, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); see Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 182 (7th Cir. 1986) (standard for evaluating Rule 12(c) motion is essentially the same as the standard for evaluating motion under Rule 12(b)(6)). The court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

Counts three, four, and five assert claims for the intentional torts of battery, assault, and intentional infliction of emotional distress. Each of these claims is grounded in allegations that the defendant's employee, Tom Colontoni, subjected her to a variety of intentional, unsolicited verbal and physical sexual overtures and that the defendant, by failing to

2

intervene, "condoned, ratified, authorized and perpetuated the continuation of said conduct." See Complaint at ¶¶ 45, 50, 55. According to the plaintiff, the commission of these torts proximately caused a variety of damages, including humiliation, embarrassment, sleeplessness, anxiety, and physical ailments. See id. at ¶¶ 46, 51, 56.

Counts six and seven assert claims for the non-intentional torts of negligent retention and negligent supervision. These torts are grounded in allegations that the defendant owed various common law duties to the plaintiff and other employees, was aware of Colontoni's improper conduct, knew that such conduct injured or was likely to injure the plaintiff and other employees, and, despite this knowledge, retained Colontoni in a management position and failed to properly supervise his performance in that position. See id. at ¶¶ 59-67. The plaintiff alleges that the defendant's negligence proximately caused, inter alia, physical and emotional injury, including embarrassment, anxiety, sleeplessness, and financial harm, including the loss of her job and her resulting inability to pursue a career with Little Caesers. See id. at ¶¶ 63, 67.

The exclusivity provisions of the New Hampshire workers' compensation act bar employees from suing an employer for personal injuries arising out of the employment relationship.

3

N.H. Rev. Stat. Ann. ("RSA") § 281-A:8 (1994); <u>see</u> <u>Duguay v.</u>
<u>Androscoggin Valley Hosp.</u>, No. 95-112-SD, slip op. at 7-8 (D.N.H.
Jan. 25, 1996) (relying on statutory predecessor to RSA § 281-
A:8) (citing <u>Censullo v. Brenka Video, Inc.</u>, 989 F.2d 40, 44 (1st
Cir. 1993); <u>O'Keefe v. Associated Grocers of New England</u>, 120
N.H. 834, 835-36, 424 A.2d 199, 201 (1980)); <u>accord</u> <u>Sweet v.</u>
<u>Hadco</u>, No. 95-576-M, slip op. at 3-4 (D.N.H. Jan. 18, 1996)
("This court has interpreted the workers' compensation statute to
prohibit suits against an employer for both intentional and non-
intentional torts.") (citing <u>Miller v. CBC Companies</u>, No. 95-24-
SD, slip op. (D.N.H. Nov. 29, 1995); <u>Bartholomew v. Delhaye</u>, No.
95-20-B, slip op. (D.N.H. Nov. 8, 1995)).  Moreover, this court
has repeatedly and consistently ruled that RSA § 281-A's
statutory bar extends to claims for emotional distress, whether
sounding in negligence or intentional tort.  <u>Foster v. Wal-Mart</u>,
No. 94-571-JD, slip op. at 6 (D.N.H. March 15, 1996) (listing
cases).

The plaintiff, while acknowledging the court's prior
workers' compensation rulings, attempts to evade the statutory
proscription on the ground that the actual insurance policy at
issue does not provide an adequate remedy:

> [T]he most compelling basis for Plaintiff's opposition
> [to the instant motion] is that the supposed
> exclusivity created by the Workman's Compensation
> Statute presumes that the Plaintiff has a right to file

4

> a claim pursuant to their Worker's Compensation Insurance Policy.
>
> In the case at bar, the Worker's Compensation policy carried by the Defendant . . . **specifically excludes coverage** for punitive or exemplar damages caused by a violation of law of which the employer has actual knowledge; injury intentionally caused or aggravated by the employer; or damages arising out of discharge, coercion, or discrimination in violation of the law.
>
> As such, in the case at bar, there is no remedy for the Plaintiff under Defendant's Worker's Compensation Policy, therefore the exclusivity defense of the Defendant must fail.

Plaintiff's Memorandum at 2 (citations omitted). The argument fails. The plaintiff has advanced no authority for the novel proposition that the workers' compensation statute is designed to provide employees with the full range of legal theories and measures of damages that ordinarily would be available in a common law action against a non-employer. Indeed, such a reading would run counter to the statute's function as a remedial scheme under which all employees receive limited compensation for work-related injuries without establishing fault. See generally Richard McNamara, 8 New Hampshire Practice:  Personal Injury - Tort and Insurance Practice § 293 (1988).[1]  Moreover, even if the

---

[1] The court applies the workers' compensation statute in a manner consistent with principles behind its enactment:

> In recognition of the burden, delay, and inadequate relief inherent in common law remedies, the statute was

workers' compensation policy at issue was legally substandard to the degree that the defendant would not be protected by the exclusivity provisions, the plaintiff would need to defeat the presumptive immunity by pleading and, in turn, proving the defendant's noncompliance with the statute.  See RSA § 281-A:7 IV (where employer fails to comply with workers' compensation law, employee may, inter alia, "pursue any available remedy at law, free of waivers and immunities conferred by RSA 281-A:8").  Here, the plaintiff has not asserted that the defendant violated its statutory obligations and, even if she had made such a claim, cannot establish such a violation by attaching to her motion a partial photocopy of an insurance policy which has not been authenticated and which not been placed in the context of the legal principles governing policy validity.  Based on the foregoing, the court finds that the common law claims asserted against the defendant in counts three through seven are barred by the New Hampshire workers' compensation act.

--------

designed to substitute for remedies in tort a liability without fault, with limited compensation of ready and early determination. . . . [T]he basic thrust of the law has been to exchange the employee's common law rights against his employer for a no-fault system of more limited compensation.

Richard McNamara, 8 New Hampshire Practice § 293. (footnotes omitted).

## Conclusion

The defendant's motion to dismiss (document no. 10) is granted. The state law claims asserted in counts three, four, five, six, and seven are dismissed. The sole remaining claims are those asserted in counts one and two under Title VII.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 26, 1996

cc: Marsha V. Kazarosian, Esquire
    Mark J. Regan, Esquire

7