March 29, 1993 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2137

JAMES CENSULLO, ET AL.,

Plaintiffs, Appellees,

v.

BRENKA VIDEO, INC.,

Defendant, Appellant.

No. 92-2193

JAMES CENSULLO,

Plaintiff, Appellant,

v.

BRENKA VIDEO, INC.,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Martin F. Loughlin, Senior U.S. District Judge]

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

Robert E. Murphy, Jr., with whom Wadleigh, Starr, Peters,

Dunn & Chiesa, was on brief for appellant Brenka Video, Inc.

Vincent A. Wenners, Jr., with whom James W. Craig, and

Craig, Wenners, Craig & Casinghino, P.A., were on brief for

appellee James Censullo.

March 29, 1993

TORRUELLA, Circuit Judge. These appeals arise out of

plaintiff James Censullo's suit for wrongful termination and

other claims. Censullo won in a jury trial on the wrongful

termination ground only. Appellant Brenka Video in appeal number

92-2137 asks this court to reverse the denial of its motions for

directed verdict and judgment notwithstanding the verdict, and

remand the case to enter judgment for Brenka Video on wrongful

termination. Appellant James Censullo in appeal number 92-2193

first asks us to rule that Brenka Video was required to indemnify

David Bowders, Censullo's immediate supervisor, for the amount

awarded against him in default judgment. Censullo next asks us

to reverse the exclusion of a newspaper article as hearsay. We

affirm the judgments in both appeals.

THE FACTS

On November 14, 1989, Censullo's wife gave birth to a

gravely ill child in New Hampshire. The child was transferred to

Boston Children's Hospital, accompanied by the Censullos. On

November 20, the child underwent a six and one-half hour

operation, following which his chances of survival were thought

to be slim at best. The parents stayed at the hospital until

after November 24.

Brenka Video, a distributor of home videos, employed

James Censullo, pursuant to an employment contract, as manager

for the New England region until November 24, 1989. On that day,

Censullo was contacted by his supervisor, David Bowders. Bowders

sought to determine when Censullo would return to work. Censullo

-3-

explained that his son's condition was very serious, and thus he

did not know when he would return to work. Bowders told Censullo

that he needed to straighten out his priorities, and determine

whether it would be "better to suffer one loss or two," referring

to the losses of a son and a job. Censullo later called Bowders

supervisor, David Perrier, who concurred that Censullo should

separate his personal problems from his business

responsibilities.

Bowders called Censullo back, saying that Censullo

would receive a telegram shortly as a result of the phone

conversations and for "going over my head." The telegram which

arrived later that day, stated that Censullo was terminated for

poor performance. Brenka Video contends that Censullo had

already been placed on probation because he needed frequent

redirection, reprimand, and intervention by supervisors.

On November 30, an article appeared in the Boston Globe

entitled "A Heart of Stone" detailing Censullo's termination from

Brenka Video. On the same day, Brenka Video reinstated Censullo

and placed him on "administrative leave." Censullo did not

comply with the terms of the administrative leave, and was

terminated again on December 14.

Censullo sued Brenka Video, Bowders, and Perrier for

wrongful termination, breach of contract, and other claims. When

Bowders failed to appear, the district court entered default

judgment against him totaling $250,000. The district court also

refused to require Brenka Video to indemnify Bowders for this

-4-

judgment.

The case proceeded to trial against Perrier and Brenka

Video. Censullo sought to introduce the article entitled "A

Heart of Stone" to show Brenka Video's motive in rehiring him.

The district court excluded the opinion portions of the article,

but admitted the factual portions into evidence.

The jury found for Censullo only on the wrongful

termination claim, and assessed $73,000 in damages. The jury

found for Brenka Video on the breach of contract claims. The

district court denied Brenka Video's motions for directed verdict

and for judgment notwithstanding the verdict. These appeals

followed, and we address them in turn.

APPEAL OF BRENKA VIDEO

Brenka Video contends that the district court, upon

motions for directed verdict and judgment notwithstanding the

verdict, should have reversed the jury verdict for Censullo on

wrongful termination. According to Brenka Video, only at-will

employees can make a claim for wrongful termination, and Censullo

could not have been an at-will employee.

We review the district court's decisions on motions to

direct a verdict and for judgment notwithstanding the verdict on

the same standard. We examine the evidence in the light most

favorable to the plaintiff, and determine whether there is a

total lack of evidence in support of plaintiff's case. Mayo v.

Schooner Capital Corporation, 825 F.2d 566, 568 (1st Cir. 1987).

The district court properly grants these motions when the

-5-

evidence allows a reasonable person to arrive at only one

conclusion. Conway v. Electro Switch Corporation, 825 F.2d 593,

598 (1st Cir. 1987).

Under the governing law of New Hampshire, employees

fall into two classes: contract employees and at-will employees.

Panto v. Moore Business Forms, Inc., 547 A.2d 260, 267 (N.H.

1988). Contract employees are limited in their remedies for

breach by the terms of the contract. Id. In contrast, at-will

employees are limited in their remedies to claims for wrongful

termination.1 Cloutier v. Great Atlantic & Pacific Tea Co., 436

A.2d 1140, 1143 (N.H. 1981).

Censullo was a contract employee until November 24. We

must determine whether the evidence could support a finding that

Censullo's status changed after November 24 to an at-will

employee, such that the second termination could be wrongful. As

the jury found a wrongful termination, we view the evidence in

the light most favorable to this finding. In this light, the

evidence sufficiently supports the jury finding.

The president of Brenka Video sent Censullo a telegram

on the same day that the "A Heart of Stone" article appeared. It

informed Censullo that the initial termination had been reversed,

1 While an employer has great discretion to terminate an at will
employee, he may not do so when he is motivated by bad faith,
malice or retaliation. Cloutier v. Great Atlantic & Pacific Tea

Co., 436 A.2d 1140, 1143 (N.H. 1981). To state a claim for

wrongful termination, the employee must also show that he was
terminated for doing something that public policy would
encourage, or refusing to do something that public policy would
condemn. Id. As these elements of the wrongful termination

claim are not in dispute here, we discuss them no further.

-6-

that Censullo had not been removed from Brenka Video's payroll,

could continue to cash his paychecks, and was relieved of his

working responsibilities. The president assured Censullo that "I

will personally get back to you." The next day, Censullo

received a telegram from Brenka Video's controller explaining

that Censullo had not at any time been removed from active

employee status, but was considered to be on an indefinite

administrative leave. When Censullo's "personal situation" was

resolved, Censullo was to meet with Brenka Video to "discuss the

conditions and standards" of continued employment. The

controller asked Censullo to check in with Brenka Video

regularly.

In the ensuing period, Censullo did not contact Brenka

Video. He cashed two paychecks and kept two others. He later

explained that he considered himself at all times a terminated

employee, and cashed two checks as severance pay. On December

14, Censullo received another communication terminating him for

failure to comply with the administrative leave.

Censullo's own views notwithstanding, we believe that

the jury could find that Censullo became an at-will employee as a

result of the telegrams from Brenka Video's principals. Those

telegrams relieved Censullo of the job he had contracted to do,

and placed him in a nebulous administrative leave status. The

parties would later fix the terms of continued employment. As

the telegrams contained no terms limiting Brenka Video's power to

terminate Censullo, the jury reasonably could find that the

-7-

telegrams created an at-will relationship.

Brenka Video asserts that while the telegrams could

constitute an offer of at-will employment status, such status was

not effective until Censullo accepted the offer, which he never

did. While we agree that Censullo bore the burden of showing

acceptance of the offer, see Panto, 547 A.2d at 264, we disagree

as to whether Censullo actually met his burden. In Panto, the

New Hampshire Supreme Court found that an employee accepted a

change in employment status by merely performing as called for by

the change. Id. at 265. In this case, the jury could find that

Censullo had accepted the change in status by doing nothing and

cashing his paychecks, which is what the telegram asked him to

do. Censullo did not comply with the telegram from Brenka

Video's controller urging Censullo to check in with the company

periodically. The letter from Brenka Video's president, however,

indicated that the company would be in touch with Censullo. The

jury could have determined that the letter from the president

more accurately stated the requirements of the change in status.

The jury could have found from the evidence presented

at trial that Censullo became an at-will employee after November

24. Therefore, a finding of wrongful termination was proper.

The district court did not err in failing to grant Brenka Video's

motions for directed verdict and for judgment notwithstanding the

verdict.

APPEAL OF JAMES CENSULLO

Censullo's first argument on appeal is that Brenka

-8-

Video is vicariously liable for the tort of intentional

infliction of emotional distress committed by its employee David

Bowders. Censullo's current claim of vicarious liability

deviates from his original claim of indemnification. We address

it in an abundance of caution, however, noting that Censullo's

complaint at least contained an allegation of respondeat

superior. For reasons that parallel those of the district court,

we find the current claim meritless.

Censullo presented this issue to the district court in

a "Motion to Assess Damages and for Indemnification," seeking to

recover for the default against Bowders through indemnification

of Bowders from Brenka Video. The district court denied the

motion because Censullo cited no authority for the proposition

that an employer must indemnify an employee. The district court

noted that normally, when the negligence of an agent is imputed

to the principal, the principal may recover from the agent the

amount paid as indemnification. Furthermore, the district court

already ruled that the state workmen's compensation scheme barred

Censullo from recovering from Brenka Video for the intentional

infliction of emotional distress. The court thus found that

granting the motion would allow Censullo to recover indirectly

from Brenka Video when he could not do so directly.

The district court correctly found that the workmen's

compensation statute bars employees from suing their employers

for personal injuries arising out of the employment relationship.

O'Keefe v. Associated Grocers of N.E., Inc., 424 A.2d 199, 201

-9-

(N.H. 1980). Emotional distress is a personal injury, not

subject to recovery in a common law action under state workmen's

compensation statute. See Bourque v. Town of Bow, 736 F. Supp.

398, 404 (D.N.H. 1990).

The district court also correctly held, in granting the

default judgment, that Censullo could sue his co-employee acting

as a supervisor for intentional infliction of emotional distress.

Thompson v. Forest, 614 A.2d 1064, 1067 (N.H. 1992) (under

workmen's compensation scheme, co-employee not immunized from

suit for intentional torts). While Thompson authorizes Censullo

to raise a claim of intentional infliction of emotional distress

against his co-employee Bowders, it does not authorize such an

action against Brenka Video, his employer. Indeed, according to

a leading commentator, "when the intentional injury is committed

by a co-employee the better rule is that an action in damages

will not lie against the employer . . . ." 2A Arthur Larson, The

Law of Workmen's Compensation 68.00 (1992). Because we find

that Censullo has not stated a valid claim on vicarious

liability, we affirm the district court's order.

Censullo's second argument, the only one remaining in

this appeal, relates to the admission of the newspaper article

entitled "A Heart of Stone." As Censullo conceded that

resolution of this issue is unnecessary unless we were to remand

the case for a new trial, and we have found no reason to do so,

we do not reach this issue.

CONCLUSION

-10-

Cases 92-2137 and 92-2193 are dismissed.

-11-